**In re Bernard A. DEVINE, Debtor.**

**William Humphrey TUCKER, United States Trustee, Plaintiff,**

v.

**Bernard A. DEVINE, Defendant.**

**Bankruptcy No. 80–1821–HL.**
**Adv. Proceeding No. A81–141.**

United States Bankruptcy Court,
D. Massachusetts.

June 5, 1981.

Christopher W. Parker, Boston, Mass., for plaintiff U. S. Trustee.

Neal E. Satran, Boston, Mass., for defendant-debtor.

Jon D. Schneider, Goodwin, Proctor & Hoar, Boston, Mass., Trustee for defendant debtor.

Thomas A. Hickey, Barron & Stadfeld, Boston, Mass., Trustee for Framingham Music Center, Inc.

## MEMORANDUM ON DISCHARGE

HAROLD LAVIEN, Bankruptcy Judge.

The Plaintiff in this proceeding, William H. Tucker, the United States Trustee, seeks

to bar the discharge of the Debtor, Bernard A. Devine, pursuant to Section 727 of the Bankruptcy Code. The Plaintiff relies on subsections (a)(3) and (a)(7), which provide:

The Court shall grant the debtor a discharge, unless—

> (a)(3) the debtor has ... *failed to keep* or *preserve* any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case ...

> (a)(7) the debtor has committed any action specified in paragraph ... (3) ... of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case concerning an insider. (Emphasis added.)

"Insider" is defined in section 101(25) and includes

> (A) if the debtor is an individual—
>> (iv) corporation of which the debtor is a director, officer, or person in control.

The Debtor's status as an insider of Framingham Music Center, Inc., (hereinafter referred to as F M C I) is admitted. The Debtor is the president and treasurer of F M C I. On October 16, 1980, this corporation filed a voluntary petition under Chapter 7.

■ The purpose of § 727(a)(3) of the Bankruptcy Code, and its predecessor, § 14(c)(2) of the Bankruptcy Act, is to ensure that dependable information is supplied to the Trustee and to creditors on which they can rely in tracing the Debtor's financial history. The Trustee and creditors are entitled to complete and accurate information showing what property has passed through the Debtor's hands during the period prior to his bankruptcy. *In re Mascola*, 505 F.2d 274, 278 (1st Cir. 1974) quoting *In re Slocum*, 22 F.2d 282, 285 (2nd Cir. 1927).

■ The Debtor in this case has failed to produce any financial records for F M C I. He testified that the usual business books and records were maintained and that he left all these books and records at the business premises on July 26, 1980, the day he, as president of F M C I, terminated business, and that he was surprised to find when he later contacted the landlord to inquire about his personal property and the records, that the landlord had disposed of them. The landlord's agent, a credit union officer, after July 26, 1980, controlled access to the premises. The landlord's agent testified that he, personally, inspected the items of personal property abandoned by F M C I. The only records found were a few hundred cash receivable vouchers for 1972, 1973, 1974 and 1976. His testimony is supported by a detailed inventory, prepared contemporaneously with his inspection, which does not reflect the presence of any business records.

Even if the Debtor had been keeping appropriate records, his responsibility did not end there. There inheres in the duty to produce records from which the Debtor's financial condition can be ascertained, the duty to take reasonable precautions for the preservation of these records.

> What would be reasonable precautions would depend upon the existing conditions and circumstances. The precautions to be taken would vary with the periods covered by the records. If the records related to matters long past, the precautions required to be taken in the matter of preserving them could well be less than in the case of records covering fairly recent periods. If a person was in good financial condition and there was no possibility of bankruptcy, then the precautions taken to preserve business records could well be less than in a case where a person was not so situated. *In the Matter of Gross*, 188 F.Supp. 324, 330 (N.D. Iowa 1960).

By his own testimony and I so find, the Debtor was aware that F M C I's business was failing. He was aware that on July 26, 1980, the landlord intended to change the

locks on the business premises if the rent arrearage was not paid. He was aware that the records of the business would be needed in the future. It would have been a simple enough matter for the Debtor to have carried out with him the few checkbooks and ledgers that would be required for tracking recent years' financial transactions if he, in fact, kept any records, a matter of considerable doubt. I do not believe his testimony that he left the records when he abandoned the premises. This closing shop was not a sudden decision. The landlord, in fact, came to take possession and change the locks by appointment. Further, the Debtor told the landlord that he did not want any of the items remaining on the premises and never, as a matter of fact, asked the landlord to account for any of the property he left on the premises. In these circumstances, the failure of the Debtor to keep or to preserve the business records of F M C I is unjustified. To allow a debtor to take advantage of his failure to take reasonable precautions for the preservation of his business records if, in fact, he had any in circumstances where he must have known that creditors and others, including the taxing authorities, would need information on his financial condition, runs counter to the Code's policy that only honest debtors are discharged.

Because of the Debtor's failure to produce records, the Trustee is unable to ascertain the financial condition and material business transactions of F M C I, particularly with respect to inventory and customer deposits. The Debtor informed the Trustee that he was able to prepare the Schedule of Assets and Liabilities of F M C I without benefit of books and records because he has a good memory.[1] The Trustee and creditors are entitled to rely on more specific financial data than a self-serving memory from which they can evaluate the Debtor's financial condition and verify the Debtor's statements. The production of records is a reasonable quid pro quo for the Debtor's relief from substantially all his financial obligations. See the Memorandum on Discharge

in the Adversary Proceeding, *John L. Whitlock, Trustee v. George F. Burgess*, (Adv. No. A81–107, [May 18, 1981. D.Mass. Lavien, B. J.]). The preservation of appropriate records is a prerequisite to discharge under the Bankruptcy Code and, here, the Debtor, without adequate justification, failed entirely in his obligation.

An Order should issue denying the Debtor, Bernard A. Devine, a discharge in bankruptcy due to his failure to preserve appropriate books and records as an insider, in the case of *In re Framingham Music Center, Inc.*, No. 80–01820–HL, all pursuant to 11 U.S.C. § 727(a)(3) and § 727(a)(7).

---

1. This memory fete might even suggest the existence but deliberate non production of records. However, there is no evidence to substantiate that possibility.