**In re CCN REALTY CORP., Debtor.**

**Bankruptcy No. 82 B 20146.**

United States Bankruptcy Court, S. D. New York.

Sept. 30, 1982.

Schutzman & Schutzman, Wantagh, N.Y., for Flushing Sav. Bank.

Weintraub & Frucco, White Plains, N.Y., for debtor.

## HEARING ON MOTION DISMISSING PROCEEDINGS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor's major creditor, the mortgagee, seeks to dismiss this Chapter 11 case upon the first three grounds delineated under Code § 1112(b), namely: (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation; (2) inability to effectuate a plan and (3) unreasonable delay by the debtor that is prejudicial to creditors.

The debtor is a real estate holding corporation whose only asset is real estate on Lockwood Avenue in New Rochelle, New York. The debtor's president and sole shareholder, Richard J. Sanchez, owns and operates a 250 bed proprietary home for adults, on the premises in question. However, it is only the real estate holding company and not the adult home, that has sought relief under Chapter 11 of the Bankruptcy Code. The petition for relief was filed with this court on March 12, 1982, more than six months ago.

The mortgagee, Flushing Savings Bank, holds a secured claim in excess of $4,000,-000, whereas the debtor's schedules value the real estate at $1,750,000. The mortgagee had commenced a foreclosure action against the debtor in the state court before the Chapter 11 petition was filed, and a receiver had been appointed in the foreclosure action to collect rents from the mortgaged property. Prior to the receiver's appointment the debtor had never entered into a lease with the adult home operated on the property nor had the debtor ever collected rent from the adult home. The state court had ordered the adult home to pay to the debtor's receiver the sum of $8,600 per month pending the final determination by the court as to the rental value.

Since the filing of the Chapter 11 petition more than six months ago, the debtor has not availed itself of the 120 day exclusivity period under Code § 1121(b) in which to file a plan of reorganization. The debtor's only source of income is the adult home controlled by the debtor's president, which is a separate entity not before this court and which is not paying any rent, notwithstanding the state court order. The debtor is in no financial condition to propose or fund a plan of reorganization. The debtor has no operating income, pays no salaries and has no books or records available for inspection. It has not filed any operating statements with this court and has not paid any real estate taxes, which continue to accrue and are in arrears to the extent of over $130,-000. The debtor's only hope is that it might obtain outside financing to either pay off the mortgage debt or cram it down under a Chapter 11 plan. However, the debtor has no funds at this time to cram down the mortgagee to the allowed amount, as required under Code § 1129(b)(2)(A)(i).

A failure to maintain books and records by a debtor who had not filed a plan of reorganization during the seven months in which the Chapter 11 case was pending was sufficient justification to grant a creditor's motion under Code § 1112(b) in *In re Larmar Estates, Inc.,* 6 B.R. 933, 6 B.C.D. 1300 (Bkrtcy.E.D.N.Y.1980). The court found that the debtor was no closer towards promulgating a plan of reorganization than when it first filed its Chapter 11 petition. Similarly, in *K. C. Marsh Co., Inc.,* 12 B.R. 401, 7 B.C.D. 1053 (Bkrtcy.Mass.1981), the court granted a motion under Code § 1112(b) because more than six months had elapsed and the debtor had not proposed a plan of reorganization because it had no new source of funding. Additionally, as in this case, the debtor failed to produce books and records reflecting its fi-

nancial condition. Since outside financing was not clearly in sight, the court concluded that there was no realistic chance of success and that reorganization must be more than a nebulous speculative venture.

A continuing diminution of the estate and an absence of any reasonable likelihood of reorganization, as delineated under Code § 1112(b)(1) was found in *In re Tracey Service Co., Inc.,* 17 B.R. 405, 8 B.C.D. 948 (Bkrtcy.E.D.Pa.1982), where the debtor had no income, but was liable for interest and taxes, which continued to accrue on the secured asset. The reasons why the debtor did not suffer major losses in that case as well as in this case, were that the debtor was not actively engaged in business operations; it had no inventory, no equipment, no employees and no business telephone. More than five months had elapsed since the Chapter 11 case commenced and the debtor's exclusivity period under Code § 1121(b) for filing a plan had elapsed.

Under circumstances strikingly similar to this case, a secured creditor's motion under Code § 1112(b) was granted in *In re Pappas,* 17 B.R. 662, 8 B.C.D. 927 (Bkrtcy.Mass. 1982). There, as here, the debtor permitted a business controlled by insiders of the debtor to occupy its most valuable properties without the payment of rent because the tenant did not have the financial capacity to pay the rent. Moreover, the debtor had no demonstrable equity in the assets, there was no evidence as to any firm commitment for additional capital, the debtor failed to produce financial books and records, and taxes continued to accrue, thereby causing a deterioration of the position of the secured creditors with the passage of time. Moreover, no plan of reorganization had been filed during the ten months of the Chapter 11 period.

In the instant case, the debtor's failure to collect rent from the adult home owned by its president, its failure to pay real estate taxes which continue to accrue to the detriment of the debtor's mortgagee, its inability to obtain any firm commitment for additional capital and the fact that the schedules reflect that the debtor has no demonstrable equity in the real property, which is its only asset, clearly reflect a continuing diminution in the value of the debtor's estate with no reasonable likelihood of rehabilitation, as described in Code § 1112(b)(1).

More than six months have elapsed without any movement towards promulgating a plan of reorganization. The debtor is now no closer to effectuating a plan than when it first filed its Chapter 11 petition. Manifestly, the debtor is unable to effectuate a plan, as set forth in Code § 1112(b)(2).

The delay of more than six months is unreasonable because during this period the debtor has not produced any books or records reflecting its financial condition, has not filed any operating statements with this court and has failed to pay any real estate taxes. Such failure is prejudicial to the economic interest of the mortgagee, whose position continues to erode, especially since the debtor is not collecting any rent for the use of its sole asset by the adult home owned by the debtor's president.

In light of the foregoing, the mortgagee's motion to dismiss the Chapter 11 petition is granted because the undisputed facts reflect that the conditions reflected in subsections (1), (2) and (3) of Code § 1112(b) exist in this case.

SUBMIT ORDER ON NOTICE.