**In the Matter of 3868–70 WHITE PLAINS ROAD, INC., Debtor.**

**No. 82 B 11611.**

United States Bankruptcy Court, S.D. New York.

March 18, 1983.

Harold Jones, New York City, Asst. U.S. Trustee.

Charles S. Lazarus, Bronx, N.Y., for debtor.

Michael Gilberg, Gilberg & Gilberg, New York City, for Anna and Michael Matacchieri.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

The United States Trustee seeks dismissal of the Chapter 11 case of 3868–70 White Plains Road, Inc., ("debtor"). By adversary proceeding, the first mortgagee, Anna and Michael Matacchieri, seeks relief from the Bankruptcy Code section 362 automatic stay in order to proceed with a pending foreclosure action in state court. A hearing

on the dismissal motion and adversary proceeding was held on December 20, 1982.[1] Arguments were presented and the Court directed the U.S. Trustee and counsel for the first mortgagee to settle proposed findings of fact and conclusions of law ("findings and conclusions").[2]

The Court is well aware of the instruction of the United States Supreme Court in *United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 656–7, 84 S.Ct. 1044, 1047, 12 L.Ed.2d 12 (1964), in which trial courts are cautioned to avoid slavish adherence to a party's proposed findings and conclusions.

The Court has considered the papers submitted, the presentations at the hearing, the entire proceedings in this case, and the applicable law. In this opinion the Court has adopted the proposed findings and conclusions submitted by the U.S. Trustee, with minor supplementation by those submitted by the first mortgagee. The U.S. Trustee's proposed findings and conclusions, with minor supplementation, are consistent with the record and are agreeable with the law. Therefore, judicial time and resources would be wasted by the Court's efforts to rephrase proposed findings and conclusions so accurately stated.

## FINDINGS OF FACT

The debtor commenced this case by filing a voluntary petition under Chapter 11 of

1. The debtor principal appeared at the December 20th hearing at 2:30 p.m. without counsel. Debtor's counsel sent an affidavit with debtor's principal, which alleged that counsel was attending proceedings in state court in the Bronx and that an associate was attending the funeral of a family member in Buffalo. Debtor's counsel made no effort to adjourn the hearing. Inquiry by the first mortgagee's counsel indicated that the purported state court matters had been heard and adjourned that morning. Such blatant discourteousness and disregard exhibited toward this Court and its calendar is reprehensible. Nonetheless, the December 20th hearing proceeded. This Court was fully familiar with the case; the key to the debtor's rehabilitation was the infusion of new funds. Debtor's counsel presence was not necessary to determine whether new funds were forthcoming. Such funds were not forthcoming nor did the debtor obtain such funds during the interval from the hearing to the submission of proposed findings of fact and conclusions of law.

2. Debtor's counsel submitted proposed findings and conclusions. Despite debtor's counsel's previous conduct, the Court accepted and reviewed the papers. The debtor opposed relief from the automatic stay and dismissal. However, nothing in the proposed findings and conclusions shed new light on the facts or this Court's perception of the facts. The debtor's principal submitted an affidavit, offering to pay the first mortgagee from anticipated (not yet realized) income to be generated by the property in the future. Such an offer was not new nor capable of preserving this case. Debtor's counsel also submitted a ream of documents, all rather haphazardly and confusingly attached and entitled "The Plan." These documents cannot and do not comprise a "Plan of Reorganization," either statutorily or informally. Submission of these documents constitutes an attempt to further delay the Chapter 11 proceeding without offering any credible basis for rehabilitation of the debtor.

the Bankruptcy Code on August 19, 1982. The schedules filed with the petition listed only two creditors. One of the creditors listed was Anna and Michael Matacchieri, a secured creditor, representing the first mortgage on the debtor's real property and buildings in the amount of $21,723.52, and the other to Cibro Petroleum, a judgment creditor, in the amount of $2,261.52. *See* Schedule A–2 of the Debtor's Schedules of Assets and Liabilities. The schedules failed to list potentially disputed second and third mortgages and mechanic's liens on the property in an amount in excess of $250,000. Additionally, general unsecured creditors of the debtor were not listed.

In addition to the principal amount due to the first mortgagee, there are also amounts due based upon arrears, late charges and attorney's fees and expenses. When these charges are included, the total amount due on the mortgage is in excess of $50,000. The real property and buildings located thereon are the only asset of this debtor and are scheduled at a market value of $50,000. *See* Schedule B–1 of Debtor's Schedules of Assets and Liabilities. Therefore, the debtor has no equity in the property.

Although there is some dispute concerning the amount due to the first mortgagee, it is undisputed that no payments were made to the first mortgagee since the filing of the petition, although required by the terms of the mortgage. The debtor has provided no adequate protection of the first mortgagee's interest.

Concerning the pre-petition general unsecured creditors of this debtor, it is also undisputed that the debtor made unauthorized post-petition payments of certain pre-petition obligations without the approval of the Court and in violation of 11 U.S.C. § 549. According to the operating statements filed by the debtor, the source of these payments included funds previously held by the debtor as rent security deposits for certain of the debtor's tenants. Furthermore, these tenants were not listed as creditors on the schedules filed with the petition. *See* 11 U.S.C. § 507(a)(5).

Professionals were paid $800.00 subsequent to the commencement of the case. Of that amount, $500 was paid to counsel for the debtor. None of these payments were made with prior court approval as required by Bankruptcy Code sections 330 and 331.

The president and sole shareholder of this debtor is Robert Browne, who is no stranger to the Bankruptcy Court. Mr. Browne previously filed a Chapter 13 case (Docket No. 81 B 12321 JL) on November 3, 1981. That case was apparently filed in order to stay the foreclosure action commenced by the first mortgagee against the same real property and buildings, which were then scheduled as an asset of Mr. Browne individually, but now have been scheduled as assets of this corporate debtor.

During the pendency of Mr. Browne's Chapter 13 case, he failed to appear at confirmation hearings and failed to make any post-petition payments to any creditors. On March 22, 1982, the Court dismissed the Chapter 13 case "with prejudice to renew pursuant to 11 U.S.C. § 1307(1) on the grounds that the debtor's actions constitute unreasonable delay that is prejudicial to the creditors." On April 9, 1982, the standing Chapter 13 trustee filed a final report which indicated that he had neither received nor disbursed any funds during the pendency of the Chapter 13 case.

The debtor has claimed that subsequent to that dismissal, payments were made to the first mortgagee. No proof of any such payments was offered at the hearing. The debtor has also claimed that payments were made for real estate taxes which accrued since August 19, 1982. However, no proof of such payments was offered at the hearing. Similarly, although the debtor claimed to have obtained insurance on the premises, no proof of any such insurance was offered at the hearing.

Since the commencement of this case, the debtor has only filed two operating statements. Those operating statements consist of one page each and are merely statements of cash receipts and disbursements. These operating statements fail to comply with

Additional Local Bankruptcy Rule XI–3 and the Operational Guidelines of the United States Trustee in that there is no accrual basis operating statement, tax reconciliation, statement of rents receivable and statement of debtor in possession accounts payable.

Based upon a review of the debtor's operating statement for the period August 1, 1982 to October 16, 1982, the debtor incurred a net loss on a cash basis in the amount of $4,205.70. Furthermore, the debtor's operating statement for the period August 19, 1982 to November 30, 1982, indicates that the debtor sustained a net loss on a cash basis in the amount of $8,267.81. Therefore, there has been a continuing loss to and diminution of the estate.

Based upon a review of the debtor's assets and liabilities and the entire record of the proceeding, there is no reasonable likelihood of rehabilitation.

Any finding of fact that is contained in the following conclusions of law is hereby expressly incorporated within these findings of fact as though expressly set forth herein.

## CONCLUSIONS OF LAW

Based upon the entire record in this proceeding and the prior Chapter 13 case filed by the principal of this debtor, the Court must arrive at the inescapable conclusion that relief from the stay should be granted and that this Chapter 11 case should be dismissed. It is undeniable that this debtor has continually demonstrated a negative cash flow resulting in "continuing loss" and "diminution of the estate". 11 U.S.C. § 1112(b)(1). The debtor has been unable to make any payments to its first mortgagee during the pendency of this case, which is now over six months old. This debtor has no unencumbered assets and has offered no evidence concerning any source of new capital. It is thus readily apparent that the debtor's cash flow is insufficient to pay its current obligations on the first mortgage and there are no alternate sources for payment for current expenses. The debtor has offered the first mortgagee no adequate

protection of its interest. Therefore, the Court concludes that: (1) relief from the automatic stay should be granted to permit the first mortgagee to proceed with its foreclosure action; and (2) there is no reasonable likelihood of rehabilitation and the two-pronged requirement of 11 U.S.C. § 1112(b)(1) is satisfied and this case under Chapter 11 should be dismissed. *See In re Pappas,* 17 B.R. 662, 666 (Bkrtcy.D.Mass. 1982).

Additionally, it has been demonstrated to the Court that there exists an inability of the debtor to effectuate a plan of reorganization. 11 U.S.C. § 1112(b)(2). Since all of the debtor's assets are fully collateralized and if the estate were liquidated, the entire proceeds would inure to the sole benefit of the first mortgagee, then any plan would have to be based on an infusion of new capital or future earnings. As stated previously, there is no evidence in the record to support a conclusion that there is any possibility for an infusion of third party funds. "Furthermore, there is nothing in the record that demonstrates that the debtor's real property is even capable of generating sufficient income to, first, service the secured debt and then provide a dividend." *In re Pappas,* 17 B.R. at 668, 669. During the entire pendency of this case, the debtor has shown a negative cash flow. "Although the debtor may have other ideas relative to a rehabilitation of [his] property, it not appropriate that it be given choices *ad infinitum* to the continual delay and detriment of others...." *In re Pappas,* 17 B.R. at 669, quoting *In re Tolco Properties, Inc.,* 6 B.R. 482, 488 (Bkrtcy.E.D.Va.1980).

The conduct of this debtor, as previously found by this Court on March 22, 1982 regarding Mr. Browne's Chapter 13 case, and now concerning the Chapter 11 case, rises to the level of "unreasonable delay ... that is prejudicial to creditors." 11 U.S.C. § 1112(b)(3). It is undisputed that the first mortgagee has not received any payments since the commencement of this case. Furthermore, pre-petition general unsecured creditors were paid with post-petition assets of the debtor. No evidence

was offered which would indicate that the debtor has paid any real estate taxes which accrued since August 19, 1982 or that the property was properly insured. The operating statements filed by the debtor do not reflect any payments for real estate taxes or insurance. Thus, the Court holds that the conduct of this debtor constituted "unreasonable delay ... that is prejudicial to creditors" and that there is ample support to dismiss this case on that ground alone.

The statutory grounds set forth in Bankruptcy Code section 1112(b) for dismissal or conversion of a case are not exclusive. Section 1112(b) states that the Court may convert or dismiss a case "for cause, including. ..." and there set forth nine grounds which will support a request for such relief. The Court may grant a request for conversion or dismissal of a Chapter 11 case for other reasons not specifically enumerated. *See* 11 U.S.C. § 102(3). In this case the debtor has merely filed two single page operating statements on a cash basis. Although required by Additional Local Bankruptcy Rule XI–3 and the Operational Guidelines of the United States Trustee, the debtor has failed to file an accrual basis operating statement, tax reconciliation, statement of rents receivable and statement of debtor in possession accounts payable. "The Production of records is a reasonable *quid pro quo* for the debtor's relief from substantial financial obligations." *In re Pappas,* 17 B.R. at 667, *citing In re Devine,* 11 B.R. 487 (Bkrtcy.D.Mass.1981). The failure of the debtor to produce information which "even marginally complies with the reporting requirements of the United States Trustee ... constitutes bad faith sufficient to cause the Court to convert" a case under Chapter 11 to a Chapter 7 case. *In re Pappas,* 17 B.R. at 668.

In a number of respects this case is similar to the factual scenario which was present in *In re CCN Realty Corp.,* 23 B.R. 261 (Bkrtcy.S.D.N.Y.1982) (Schwartzberg, B.J.). In that case, the debtor had failed to make certain post-petition payments; demonstrated an inability to obtain additional capital; had no equity in the real property which constituted its sole asset; had failed to file a plan in six months and had failed to file any operating statements. The Court found sufficient grounds under Code Section 1112(b)(1) to (3) to dismiss the Chapter 11 case. *See In re Coram Graphic Arts,* 11 B.R. 641 (Bkrtcy.E.D.N.Y.1981). Moreover, this debtor has made unauthorized payments to its pre-petition general unsecured creditors without prior court approval and in violation of Code section 549. Also, the debtor has made payments to his attorney without the prior approval of the court and in violation of Code sections 330 and 331. Pursuant to Code section 1107(a), a debtor in possession "shall perform all the functions and duties ... of a trustee serving in a case under this chapter." 11 U.S.C. §§ 1106, 704. In the instant case, the debtor has transferred property of the estate in a manner which is not authorized under Title 11 or by an order of this Court. Thus, there has been a total violation of Code sections 330, 331, 549 and a dereliction in the duties imposed upon a debtor in possession. Given the debtor's conduct, namely unauthorized payments to pre-petition general unsecured creditors and counsel without prior court approval, it appears that this debtor is oblivious to its fiduciary obligations. *In re E. Paul Kovacs & Co. Inc.,* 16 B.R. 203 (Bkrtcy.D.Conn.1981). "[A] debtor in possession holds its powers in trust for the benefit of creditors." *In re Martin Custom Made Tires Corp.,* 108 F.2d 172, 173 (2d Cir.1939).

Since there is nothing in the record which would lead this Court to conclude that the interests of creditors or the estate would be better served by the conversion of this case to a Chapter 7, this Court finds that this case should be dismissed. Therefore, based upon the foregoing precepts of law and the findings of fact, this Court concludes that this case commenced under Chapter 11 of the Bankruptcy Code should be dismissed.

Any conclusion of law that is contained in the foregoing findings of fact is hereby expressly incorporated within these conclusions of law as though expressly set forth herein.

Therefore, this Court terminates the automatic stay to permit the first mortgagee to proceed with its foreclosure action and dismisses the Chapter 11 case of the debtor.

It is so ordered.