In re Henry K. HYDER, Jr., Debtor.

Donald G. KEAMY, Plaintiff,

v.

Henry K. HYDER, Jr.,
Defendant-Debtor.

Bankruptcy No. 80–2149–JG.
Adv. No. A81–656–JG.

United States Bankruptcy Court,
D. Massachusetts.

March 15, 1984.

---

Mark N. Berman, Widett, Slater & Goldman, P.C., Boston, Mass., for plaintiff.

Thomas H. Collins, Lawrence, Mass., for defendant/debtor.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The debtor, Henry K. Hyder ("the debtor" or "Hyder"), filed a voluntary Chapter 7 proceeding on December 8, 1980. The debtor's Schedule of Liabilities shows total debts of $4,351,323, $4,172,185 of which are general unsecured liabilities. The value of the debtor's assets is stated to be $92,000; all assets are claimed exempt and/or the amount of the encumbrances are claimed to exceed the value of the property. The debtor's Statement of Affairs lists Hyder's occupation as a lawyer, and further states that he had been a partner in a real estate partnership with three other individuals doing business as Kegg Realty Trust since 1977. The debtor also lists six bank accounts maintained by him alone or together with others during the year preceding the filing of the bankruptcy petition. The debtor responded under oath to question number five of the Statement of Affairs that he had kept and possessed books and records of his affairs, none of which had been destroyed in the two years preceding the filing of his petition.

Three adversary proceedings objecting to Hyder's discharge under 11 U.S.C. Section 727 were filed, one by the former trustee,[1] and two by unsecured creditors. The original complaint by Donald Keamy ("Keamy") objected to the debtor's discharge on the grounds that the debtor concealed assets from creditors and the former trustee, that Hyder made a false oath in his Section 341 testimony, that Hyder had failed to satisfactorily explain loss of assets and that Hyder made a false oath on his Schedule of Assets. The Plaintiff Keamy's complaint was amended to include an allegation under 11 U.S.C. Section 727(a)(3) that Hyder

---

[1]. The former trustee ("former trustee") resigned on May 20, 1982 in order to accept an appointment as law clerk to this Court. Since that time, the former trustee has neither participated in nor worked on any matter arising in the debtor's case or in the various adversary proceedings within the case. The current trustee ("trustee") was appointed by the United States Trustee on May 23, 1982.

had destroyed or failed to keep or preserve any recorded information, including books, documents, records and papers from which his financial condition could be ascertained. The debtor's Answers to both the original complaint and the amended complaint are a general denial of all allegations.

Keamy moves for Summary Judgment pursuant to the Federal Rules of Civil Procedure Rule 56, as made applicable hereto by Bankruptcy Rule 712, on his amended complaint objecting to discharge. Keamy seeks summary judgment on the ground that there is no genuine issue of material fact concerning the debtor's destruction of and/or failure to produce at deposition certain records of his financial condition: specifically, bank account records. The creditor's amended complaint alleges that the debtor is not entitled to a discharge under Section 727(a)(3), which bars the discharge of a debtor who has "concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case...." The creditor's affidavit of counsel in support of the Motion For Summary Judgment shows that in connection with the discharge litigation, Keamy's attorney served upon the debtor a Request For Production of Documents relating to the debtor's bank accounts from 1974 to 1982;[2] all documents relating to the construction and purchase of the debtor's residence; all documents relating to personal property owned by the debtor or his spouse from 1974 to 1982; all documents relating to homeowner's and life insurance; all documents relating to trusts of which the debt-

or is a party and all documents relating to transactions with William Abraham.

The affidavit of Keamy's counsel further states that on the date specified in the Request for Production, debtor's counsel produced the following: a handwritten summary of the debtor's income and expenses for 1979 and 1980; three assignments of debtor's insurance policies to William Abraham; a check drawn by William Abraham to Hyder; and a homeowner's insurance policy. According to the debtor's letter to his attorney that was attached to the plaintiff's affidavit in support of his Motion For Summary Judgment,[3] none of the documents requested in paragraph number one of the Request For Production (see note 2, supra) were produced because such documents concerning the period from January 1, 1974 through December 31, 1980 "were all destroyed after my IRS audit which was concluded in June of 1981...." See Affidavit of Keamy's counsel, Exhibit B. Exhibit B to the affidavit also reveals that debtor's counsel advised the creditor's counsel that Hyder destroyed the records after the IRS audit.

The debtor opposes the Plaintiff's Motion For Summary Judgment stating as his reason that he had provided the former trustee with all information requested by her, which information was available to Keamy. The debtor submitted an affidavit dated April 22, 1982 in support of his objection in which he stated that he had furnished his attorney with all documents in his possession, that he had provided the former trustee with all documents she requested, and that in December, 1981, he had decided to seek dismissal of his bankruptcy petition, and thus he would not participate in discovery conducted by the Plaintiff Keamy.

---

**2.** The following is a reproduction of paragraph one of the Request for Production:

1. All documents relating to any and all personal and business bank accounts, whether checking, savings or of any other nature including, but not limited to, certificates of deposit, shares in co-operatives and Keough plans which defendant has had any interest in from January 1, 1974 through the date hereof. This request includes, but is not limited to,

cancelled checks, deposit slips, bank statements, passbooks, and checkbooks.

**3.** Consideration of the letter attached as Exhibit A to the affidavit in support of the Motion For Summary Judgment was not challenged by the debtor at any time, including during the oral argument on the Motion For Summary Judgment.

In a supplemental affidavit filed by the debtor on February 1, 1983, the debtor states that he had provided the former trustee with all information she had requested and, that in a June 19, 1981 meeting with the former trustee, the debtor explained his checkbook "procedure" to the former trustee, who did not seek turnover of such records at that time. The debtor adds in his affidavit that the "records ... requested for the creditor examination and reported as destroyed were only a summary taken of the check stubs in the possession of the trustee and used to prepare the income taxes, nothing else was destroyed." It is undisputed that subsequent to the filing of the Motion For Summary Judgment, the debtor turned over to the trustee copies of checkbook stubs for years 1974, 1975 and 1976. The creditor insisted on production of bank account records for years 1977, 1978, 1979 and 1980; it is undisputed that no such records for these latter years were turned over to either the current or former trustee, or made available to the Plaintiff Keamy after the Request For Production.

Based upon the pleadings on file, it is undisputed that sometime between June, 1981 and December, 1981 the debtor destroyed certain records of his several bank accounts. Hyder's affidavit does not refute that the debtor did not produce the various bank account records requested by Keamy in paragraph one of the Request For Production for the years 1977 through 1980. Nor does it contain an explanation of the failure to produce, other than to state that the records were destroyed. There are inconsistencies in the debtor's affidavits regarding the extent of the debtor's record destruction. On December 2, 1981, Hyder's counsel reported that the bank records requested in paragraph one of Request For Production had all been destroyed by Attorney Hyder subsequent to an audit by the IRS. On December 23, 1981, Hyder wrote to his lawyer that he did not have any of the records requested in paragraph one as they "were all destroyed after my IRS audit which was concluded in June 1981, ...". In his subsequent affidavit dated February 1, 1983, the debtor tells a different story—he states that the records reported as destroyed were only a summary taken from certain check stubs in the possession of the trustee, and that nothing else was destroyed. This is totally contrary to his previous statement and his counsel's previous statement that all the bank records requested in paragraph one of the Request For Production were destroyed.

The debtor's affidavits do not refute that he destroyed records (whether they be summaries or originals) after the filing of the bankruptcy petition and during the pendency of adversary proceedings objecting to his discharge. While there is a dispute regarding the extent of the destruction of records, there is no dispute that the debtor did not produce the documents concerning bank accounts requested in the Request For Production for the years 1977 through 1980. Nor is there a dispute that the Debtor stated under oath when he filed his bankruptcy petition that he had kept and possessed books and records of his financial affairs, none of which had been destroyed in the two years preceding the filing of the bankruptcy petition.

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable hereto by Bankruptcy Rule 712, provides in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Subdivision (e) of Rule 56 further provides: "Form of Affidavits; Further Testimony: Defense Required. Supporting and opposing affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court

may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a Motion For Summary Judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

 A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. *Weinberger v. Hynsen, Westcoth & Dunning, Inc.*, 412 U.S. 609, 622, 93 S.Ct. 2469, 2479, 37 L.Ed.2d 207 (1973); *In re Wright*, 19 B.R. 271, 273 (Bkrtcy.D.Mass. 1982). Once a moving party successfully meets its initial burden, the opponent must come forward with specific facts and sufficient evidentiary matters to raise triable issues of fact. *In re Allen Carpet Shops, Inc.*, 27 B.R. 354 (Bkrtcy.S.D.N.Y.1983).

Section 727(a)(3) provides "the Court shall grant the debtor a discharge, unless .... the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, regarding books, documents, records, and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." The rationale behind the Section 727(a)(3) is that the privilege of a discharge is predicated upon a debtor's full disclosure of his financial condition and transactions; creditors are entitled to written evidence of a debtor's financial situation. *Broad National Bank v. Kadison*, 26 B.R. 1015 (D.C.D.N.J.1983).

 Although a debtor's destruction of financial records does not require denial of a discharge where the destruction is justified under all of the circumstances of the case. *See In re Hodge*, 205 F. 824 (N.D.N.Y.1913); *In re Gugliada*, 20 B.R. 524, 9 B.C.D. 339 (Bkrtcy.S.D.N.Y.1982).

Where the destruction of pertinent financial records is unexplained, the debtor is not entitled to receive the benefits of a discharge. *Rosenberg v. Bloom*, 99 F.2d 249 (9th Cir.1938); *In re Hirsch*, 14 B.R. 59 (Bkrtcy.S.D.Fla.1981); *In re Lowe*, 25 B.R. 86 (Bkrtcy.D.S.C.1982). A debtor has the duty to take reasonable precautions for the preservation of financial records, especially where he is aware or should know that these records will be needed by the trustee and creditors. *In re Devine*, 11 B.R. 487 (Bkrtcy.D.Mass.1981) (debtor did not satisfactorily explain loss of records where he left records at a former place of business that was closed). A debtor's destruction of records is far more serious than a simple failure to maintain records. *See In re Hirsch*, 14 B.R. 59 (Bkrtcy.S.D.Fla.1981). Intent to conceal financial information is not a requirement to support an objection to discharge because of destruction of records. *In re Underhill*, 82 F.2d 258, 260 (2d Cir.1936).

 Once the moving party shows that the debtor has destroyed or failed to produce records and that a demand for an explanation was made, the burden shifts to the debtor to justify the destruction or failure to produce records. *In re Nazarian*, 18 B.R. 143 (Bkrtcy.D.Md.1982). Even though the Court is unable to ascertain whether the debtor's failure to produce documents is because of concealment or destruction, his failure to produce suffices for denial of a discharge under Section 727(a)(3). *Id.* at 149. A debtor's inconsistent statements concerning his destruction of records which show either the destruction or concealment of such documents is a sufficient basis for the denial of his discharge. *In re Hirsch*, 14 B.R. 59 (Bkrtcy. S.D.Fla.1981).

In the present case, even accepting the debtor's second affidavit as the truthful version of his assertions, there are no conceivable triable issues of fact which would warrant judgment in his favor. There is no dispute that the debtor destroyed and/or failed to produce bank account records for years 1977 through 1980 as requested by

472

the creditor, whether a summary or the originals, during the pendency of this bankruptcy case, and during the pendency of adversary proceedings objecting to his discharge. Nor is it disputed that the debtor swore under oath on his bankruptcy schedules that he had such records. The absence of these records—whether by destruction or concealment—prevents creditors from analyzing the debtor's financial condition. Even if the destroyed records were only the so-called summary, the debtor has failed to produce the original records on which the summary was presumably based. The unjustified destruction of the summary, in the absence of the production of the originals, is sufficient to warrant the denial of his discharge.

Neither in his affidavits nor in oral argument, has the debtor offered any explanation to this Court or his creditors as to why he destroyed either the summary or the original bank account records. This Court cannot countenance the unexplained refusal of this debtor to produce the requested records. This refusal is especially egregious because the debtor is a practicing attorney who presumably knows the rules of discovery. Mr. Hyder maintained six bank accounts and accumulated in excess of four million dollars of debt. In the absence of any recent bank account records for the years in question, whether a summary or originals, creditors are unable to ascertain the financial history of this self-employed debtor.

Accordingly, the creditor's Motion for Summary Judgment is hereby ALLOWED and the debtor's discharge is DENIED.