**In the Matter of Stanley Zein KLEEMAN and Bonnie Lou Kleeman, Debtors.**

**Bankruptcy No. 85–00843–SW–11.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Sept. 23, 1985.

Douglas L. Winchester, Springfield, Mo., for debtors.

## ORDER DENYING DEBTORS' APPLICATION FOR REINSTATEMENT

DENNIS J. STEWART, Bankruptcy Judge.

Pursuant to prior adequate notice, the court attempted, on August 30, 1985, to convene a hearing on the sufficiency of the debtors' proposed disclosure statement in Joplin, Missouri. Several of the creditors then appeared for the purpose of objecting to the sufficiency of the disclosure statement under the standards of section 1125 of the Bankruptcy Code and for the purpose of aiding the processing of this chapter 11 case by suggesting amendments and supplementations to the proposed disclosure statement. The debtors, however, did not appear, either personally or by their principal counsel in this case. They appeared only by local Joplin counsel who had not been sufficiently apprised of the relevant facts in order to be of any assistance in determining what should be disclosed in an amended and supplemented disclosure statement. The absence of the debtors and their principal counsel thus prevented the court from timely prosecuting these proceedings toward confirmation and unnecessarily inserted prejudicial delay into the case. Accordingly, orally on August 30, 1985, and in a written memorial filed on September 3, 1985, this court dismissed the within chapter 11 proceedings.

This dismissal for failure to prosecute the proceedings was proper. "It is well established that ... (a) court has the authority to dismiss ... for failure to prosecute with reasonable diligence or to comply with ... orders or rules of procedure ... (T)he power is one inherent in the courts 'in the interest of the orderly administration of justice.' It may be exercised

*sua sponte* under proper circumstances." *Flaksa v. Little River Marine Constr. Co.,* 389 F.2d 885, 887 (5th Cir.1968); *In re Missouri,* 22 B.R. 600, 602 (Bkrtcy.E.D. Ark.1982). "(A bankruptcy) court does have the power to dismiss a petition for judicial reasons, such as bad faith, frivolity, or lack of jurisdiction. Congress did not intend to paralyze the bankruptcy court. A court which cannot grant relief on a petition should be able to dispose of the matter. This judicial power in bankruptcy judges is analogous to the broad, inherent power of district court judges to dismiss collusive, sham, and frivolous suits, and needs no statutory basis." *In re Moog,* 46 B.R. 466, 468 (N.D.Ga.1985). *"Sua sponte* dismissals (are proper) when there has been a failure to prosecute or a failure to comply with court orders." *Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico,* 695 F.2d 524, 526 (11th Cir.1983).

■ The debtors, however, now move to set aside the order of dismissal and reinstate these chapter 11 proceedings. They state, in substance, that their counsel was familiar with the practice in another division of this court in which the debtors presence at the disclosure statement hearing was not mandatory; that he assumed that this practice was followed also in other divisions of the court; that the debtors now stand ready, willing, and able to amend the disclosure statement and cure any defects in it; and that the momentary delay has not worked any prejudice to any of the other parties. This court, however, is unaware of any practice whereby both counsel and the parties may safely ignore a written notice of court that a hearing will be held on a date certain at a time certain on a matter that is *required* to be heard by the bankruptcy laws and the rules of bankruptcy procedure. Generally, it would seem to be a truism that parties and counsel ignore a notice of hearing at their own risk—that they spurn the opportunity for a hearing only to assume the jeopardy that the court may determine the merits adversely to them. This seems particularly so when the hearing is to determine the sufficiency of disclosure by the parties themselves. Who else but those who are the principal repositories of the desired information can suffice as witnesses in such a hearing? Given these considerations, the rule seems rudimentary that either the debtors—or at least someone briefed with their knowledge of the relevant facts—must attend the hearing on sufficiency of the disclosure statement.

■ Even if counsel is unaware of this seemingly fundamental principle, however, he should be aware that when a party seeks to be relieved from the effect of a default judgment—and the dismissal in this case was in substance a dismissal entered because of the default of the debtors—, then it is not sufficient to do as the debtors have done in this case and merely state in the motion for relief that they are ready to present a case. "The showing required to justify the opening of a default is something more than a perfunctory statement that a meritorious defense exists. The defaulting party may be required to demonstrate by affidavit or otherwise that there is a factual or legal basis for the tendered defense." 6 Moore's Federal Practice para. 55.10, p. 55–233, n. 14 (1982). In this case, in which the creditor Mutual Life Insurance Company of New York had timely filed explicit written objections to the sufficiency of the proposed disclosure statement, it was incumbent upon the debtors, in moving to set aside the default and reinstate the case, to demonstrate factually and with particularity that they could satisfactorily amend the disclosure statement. The requests for information made by the objecting creditor are in many respects quite particularized—e.g., "In that the Debtors contend that their finances declined in the years 1980–1984, they should furnish tax returns or summaries of income and expenses for those years as well as for previous years which would reflect their operations prior to the decline." There appears to be no reason why the proposed supplementations could not have

accompanied the motion to reinstate these proceedings.

▆ To require any less would be to give notice that chapter 11 debtors may always manufacture further extensions of time by failing to abide the orders of the bankruptcy court, then asserting that they will abide those orders if granted additional time in which to do so. The courts cannot afford to indulge litigants who would, in such a manner, regard their own cases as mere frivolities. Significant failures and refusals to prosecute cases in accordance with the orders of the court and general rules of procedure can only be answered with dismissals. Otherwise, the delay which is accompanied by nondisclosure—a situation which is of particularly pernicious effect in chapter 11 proceedings—is sanctioned and encouraged by the court. When "delay is accompanied by ... nondisclosure ... nonintervention by the court only enhances the daily increasing possibility of the worst abuses." *In re Missouri, supra,* at 603. It is therefore the duty of the court to exact compliance with its own orders and the governing procedural rules and to impose the penalty of dismissal for failure to comply in significant respects.

Numerous other creditors appeared for the hearing which was scheduled for August 30, 1985, and several of them came from considerable distances in the hope that the matter of the sufficiency of the disclosure statement could be expeditiously resolved. As it turned out, however, their expenditures of time and money in this regard were for naught. Only delay has ensued—a delay which would only be multiplied by the motion which is now before the court.

Accordingly, it is hereby

ORDERED that the debtors' motion to set aside the former dismissal and reinstate these chapter 11 proceedings be, and it is hereby, denied.