**In re Dora Jean WELLS, aka Dora J. Wells, Debtor.**

**Bankruptcy No. 585–1471.**

United States Bankruptcy Court, N.D. Ohio.

March 17, 1987.

Leland Cole, Akron, Ohio, for debtor.

James A. Hall, Barberton, Ohio, for Great Northern Sav. Co.

Scott Haley, Akron, Ohio, for TransOhio Sav. Bank.

## FINDING AS TO SHOW CAUSE ORDER

H.F. WHITE, Bankruptcy Judge.

On December 31, 1985 the court entered an order relative to chapter 11 operation and filing of plan which is customary in these chapter 11 proceedings. In that order the parameters for proper chapter 11 case administration are set forth, including reporting guidelines, payment of administrative tax claims, procurement and proof of insurance, etc. This order warns that failure to comply may result in conversion or dismissal. By an order dated May 14, 1986 this case was set for a status hearing on June 9, 1986 which hearing was held and concluded. By an order entered February 4, 1987 the debtor, Dora Jean Wells, was ordered to appear and show cause why the case should not be dismissed or converted for failure to file debtor in possession reports for the months of December, 1986 and January, 1987. Due notice of this hearing was given to all creditors. Leland Cole appeared for the debtor; Scott Haley appeared for a secured creditor, TransOhio Savings Bank; and James Hall appeared for Great Northern Savings Co., another secured creditor. The debtor, Dora Jean Wells, testified at the hearing. Based upon the court files and proceedings to date, and the testimony of the debtor, the court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On November 22, 1985 the debtor filed petition under chapter 11 of title 11 of the United States Code. On June 9, 1986 the debtor filed her amended schedule A–2 consisting of numerous parcels of income-producing real estate; she is currently managing these properties as a debtor in possession. The debtor's ownership interest in none exceeds 50%, with the possible exception of the marital residence. The debtor's ownership interest is 25% in the following properties: 766 Anderson Road, Akron, Ohio; 780 Anderson Road, Akron, Ohio; 450 Center Avenue, Cuyahoga Falls, Ohio; and Rymer Road, Wadsworth, Ohio.

2. In February of 1985, the debtor filed a complaint for divorce from Frank E. Wells, being Case No. 85–02–0637; Frank E. Wells is not a debtor. A final divorce decree, including a complete property settlement, was entered by the Domestic Rela-

tions Division of the Summit County Court of Common Pleas on January 22, 1987. *See* Exhibit B to disclosure statement filed March 6, 1987. The divorce decree provides for the sale of all real property owned by the debtor and her husband and for an even division (50/50) of the net proceeds of sale. *Id.* at 3. The decree further provides that the real property in which the debtor is a cotenant with Howard Calhoun, 450 and 505 Center Street, Cuyahoga Falls, Ohio, be subject to a pending partition action in the general division of the Summit County Court of Common Pleas, and that the domestic relations court will take no action as to the Center Street property "until all matters have been resolved in the general division." *Id.* at 4. The decree further provides that its subject properties are to be sold subject to that court's approval. *Id.* at 3.

3. On February 4, 1987 this court entered an order to file a disclosure statement and plan of reorganization as many motions for relief from stay had been filed by creditors and a final decree of divorce had been entered.

4. On March 6, 1987 the debtor filed her disclosure statement and plan of reorganization. The plan provides for sale of all real property subject to the approval of the domestic relations court. Disclosure statement at 5 and plan of reorganization at 7–8.

5. Relief from stay has been granted the secured creditors as to 1131 and 1141 Tallmadge Road, and 1126 Tallmadge Road, Cuyahoga Falls, Ohio, and 515–531 Center Street, and 2032 and 2034 11th Street, Cuyahoga Falls, Ohio. The secured creditor of the real property located at 1064, 1072 and 1080 Clyde Avenue, and 1164–1170 Tallmadge Road, Cuyahoga Falls, Ohio has been given leave to confirm a sheriff's sale by an order of this court entered December 24, 1985 and by affidavit of its attorney filed January 9, 1987. The stay has been lifted and the property at 4551 Shaw Road Extension, Bath, Ohio, abandoned by order of this court entered March 2, 1987.

6. On March 28, 1986 this court entered a stipulated judgment entry, and on April 16, 1986 an amended stipulated judgment entry, directing the debtor to collect rents, and pay all mortgage payments due Trans-Ohio Savings Bank (herein "TransOhio") and Great Northern Savings Company (herein "Great Northern") for the properties located at 794 Anderson Avenue and 25 Oakdale Avenue, Akron, Ohio. The adequate protection payment due Great Northern is $1184 per month, and that due Trans-Ohio is $2546. According to the debtor in possession report for November 1 to November 30, 1986 filed late on January 27, 1987, the total rentals collected on these two properties equal $4794.01 for that period, and no adequate protection payment was made to Great Northern for that month, or for any month since November, 1986. The debtor in possession reports for the months of December, 1986, and January, 1987, show total rentals collected on these two properties equalling $4056 and $3290. The debtor testified that she entered into a private agreement with Great Northern regarding the mortgage payment, but leave of court was not sought nor granted for this private arrangement.

7. There has been no cash collateral order entered pursuant to section 363 of title 11 of the United States Code granting the debtor in possession authority to use the rentals. The debtor in possession has also failed to segregate accounts for the rental properties, and has used rental proceeds from other properties to make repairs or improvements to her personal residence at 4551 Shaw Road Extension. *See* debtor in possession report for January, 1987 filed March 10, 1987. The debtor has been making sporadic mortgage payments on her residence, owned as an equal co-tenant with Frank E. Wells, with estate property constituting pledged rentals of various creditors. The debtor has failed to make any payment since October, 1986. The debtor is also using estate property to pay her personal expenses, such as medical insurance, automobile insurance, auto license fees, and utilities for her residence. *See* debtor in possession reports for April, 1986 to January, 1987.

8. The debtor continues to collect a management fee for the properties at the rate of 7% of gross rentals, and has put her son, Richard Akers, on the payroll for repair work and maintenance on the properties. According to the reports filed for the period from April, 1986 to January, 1987, he has been paid approximately $11,000.

9. On or about March 2, 1987 in accordance with the divorce decree the debtor entered into a series of listing agreements with Spaulding Associates, Inc. for the sale of real estate consisting of property of the estate, and agreed to pay a commission on sale of seven or ten percent, without leave of this court and in violation of section 363 of the Bankruptcy Code and paragraph two of an order of this court entered December 31, 1985.

10. The debtor has failed to timely file her reports in violation of paragraph three of an order of this court entered December 31, 1985.

11. The debtor has failed to comply with paragraph five of an order of this court entered December 31, 1985.

12. The debtor has proposed a plan of liquidation in which the property of the estate is to be sold, and after the secured creditors and costs of sale are paid, the general unsecured creditors are to be paid a fifty cent dividend in five annual installments beginning one year after confirmation of the plan if the sale of real estate generates sufficient funds to make the payment.

13. The debtor has failed to timely file her reports for the following months: June, 1986; July, 1986; August, 1986; October, 1986; November, 1986; December, 1986; and January, 1987.

### ISSUE

Whether this case should be dismissed for failure of the debtor and debtor in possession to comply with prior orders of this court and pursuant to the inherent authority of this court to prevent an abuse of this court's jurisdiction?

### DISCUSSION OF LAW

■ The court has an inherent duty and the power to dismiss a case *sua sponte* to preserve its integrity, to ensure that the legislation administered by the court will accomplish its legislative purpose, or to control its docket. *In re Coram Graphic Arts*, 11 B.R. 641, 644 (Bankr.E.D.N.Y. 1981). *See also, In re Ray*, 46 B.R. 424 (S.D.Ga.1984); *In re Harvey Probber, Inc.*, 44 B.R. 647 (Bankr.D.Mass.1984); *In re East Town Properties*, 31 B.R. 507 (Bankr. E.D.Wisc.1983); *In re Nikron, Inc.*, 27 B.R. 773 (Bankr.E.D.Mich.1983); and *In re Missouri*, 22 B.R. 600, 9 Bankr.Ct.Dec. (CRR) 604 (Bankr.E.D.Ark.1982). The power is based upon the court's inherent duty to ensure the orderly administration of debtors' estates. *Id.* Congress did not intend that "bankruptcy judges sit idly by and blithely ignore abuses that could lead to the compromise of the bankruptcy system and the integrity of the court." *Nikron*, 27 B.R. at 777.

A chapter 11 debtor as debtor in possession has certain fiduciary duties, a dereliction of which will subject the case to dismissal. *In re 3868–70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr.S.D.N.Y. 1983). Transferring property of the estate in a manner not consistent with the Bankruptcy Code or an order of the court may subject the case to dismissal. *Id.*

■ As is standard in the administration of all chapter 11 cases, the court entered its order relative to the operation and filing of plan on December 31, 1985 establishing certain reporting guidelines and procedures which the debtor is required to follow. The order gives detailed instructions, and notice is given that failure to comply may subject the case to conversion or dismissal. In spite of this order and subsequent show cause order upon the debtor, the debtor has failed to comply. She has consistently filed late debtor in possession reports; she has used cash collateral in contravention to section 363(c)(2) and without leave of this court; she is attempting to sell property outside of the ordinary course of business in contravention to section 363(b)(1) and without leave of this court; she has em-

ployed a real estate broker in contravention to section 327 and without leave of court; she has failed to remain current with court ordered adequate protection payments; and she has misapplied property of the estate by paying some of her own personal expenses. In addition to the foregoing examples of disregard for proper chapter 11 administration, the debtor has enjoyed a "rent free" stay at her personal residence at expense of her creditors. The court seriously doubts whether she would afford her own tenants such a luxury as she testified at the hearing that she had to evict one whole building of tenants. The plan proposed by the debtor is a simple liquidation plan in which the general unsecured creditors could be made to wait approximately five years from the point of sale to receive their dividends, if they are to receive any at all.

■ Dismissal is also warranted by the principles of the abstention doctrine:

(a) The court, after notice and a hearing, may dismiss a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

11 U.S.C. section 305(a) (Collier 1985). The debtor filed her petition at a time when she was embroiled in a domestic relations dispute. The debtor asked that this court patiently wait for her reorganization plan until a property settlement could be achieved in that suit, and the court waited seven months only to find its jurisdiction over property of the estate had been supplanted by the domestic relations division of the state court of common pleas. "The bankruptcy courts cannot feasibly function as merely a sanctum sanctorum while the fundamental conflict resolution and conflict management impacting the reorganization process is subject to the jurisdiction of extraneous forums." *In re Concord Storage and Warehouse Co.*, 40 B.R. 831, 11 Bankr.Ct.Dec. (CRR) 1363, 1367 (Bankr.S.D.Ohio 1984).

The court in its many years of experience has seen the "fair market value" of real estate as listed in Schedules A–2 and B–1 drop regularly by thirty to fifty percent at the point of confirmation of sale. As almost every secured creditor has filed a motion for relief from stay, and several have already been granted leave to foreclose, and as the debtor continues to fall farther behind in her mortgage payments and adequate protection payments, the court has grave doubt as to whether the general unsecured creditors will receive even a penny on their dollar for their claims. The delay in the administration of this estate has also been at the expense of certain third parties who are co-tenants with the debtor in estate property. The debtor's interest in much of the real estate is limited to twenty-five percent, and only in her personal residence does it possibly exceed fifty percent. The creditors and co-tenants have been held at bay for over fifteen months while she draws a management fee, pays her personal expenses with estate property, and keeps her son on the payroll for repair and maintenance work. The debtor has already cast her fate with the domestic relations divisions by a divorce decree settlement which bears her signature. From the foregoing factors the court concludes that abstention will better serve the interests of the creditors and the debtor, and the goal of economic justice, and the case may be dismissed as well under principles of abstention. *See Coram Graphic Arts*, 11 B.R. at 645 and *Harvey Probber, Inc.*, 44 B.R. at 652–53.

A separate order in accordance with this Finding shall be entered hereon.