In re Jennie Landron
VALLEJO, Debtors.

Bankruptcy No. B–86–02204 (ESL).

United States Bankruptcy Court,
D. Puerto Rico.

Aug. 18, 1987.

See also, Bkrtcy., 73 B.R. 57.

Felipe Sanabria, Hato Rey, P.R., for debtor.

Félix J. Montanez, Special Loans Dept., San Juan, P.R., for Creditor Banco Popular De Puerto Rico.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case came before the Court on June 17, 1987 for a hearing to consider the motion to dismiss filed by the Banco Popular de Puerto Rico (BPPR). BPPR alleges that the debtor herein has failed to file monthly reports of operations, is not making regular payments to secured creditors, is incurring in delay prejudicial to creditors and is experiencing a continuous diminution of the estate. The debtor has opposed the motion to dismiss by filing, on the same date when the motion to dismiss was to be heard, a disclosure statement, reorganization plan and a report of its affairs from December 1986 through May 1987. As of this date no further reports of operation have been filed. The debtor also testified at the hearing regarding her financial plans and prospects of rehabilitation.

### Factual Setting

The debtor filed a petition under Chapter 11 of the Bankruptcy Code on November 25, 1986 when her business enterprises ran into financial difficulties. The debtor owns a travel agency, arranges tours and operates a pig farm.

According to debtor's testimony the key to her financial rehabilitation lies in obtaining a loan from Doral Mortgage Co. for $150,000.00 to be paid throughout a period of fifteen (15) years. The loan will be secured by real property located in Caimito and over which movant BPPR presently holds a second mortgage. Debtor alleges that the proceeds from this loan will be sufficient to liquidate all the existing liens on the subject property and cure arrears on a second property. Debtor states that she will then be able to cope with her operating expenses. How in fact she expects to meet the monthly payments was not adequately explained by debtor's testimony nor by the disclosure statement.

The report filed by the debtor regarding her affairs during the period comprising from December 1986 through May 1987 shows that she is barely meeting expenses with an excess income of $30.00. The expenses do not include payments to BPPR nor to third lienholder Orlando Lebrón. The information provided on the disclosure statement does not provide adequate data to pass judgment on debtor's ability to successfully reorganize since there is no budget forecast.

The rehabilitation of the debtor hinges on two speculative events. First, the refinancing of her Caimito property and the reversal of a judgment entered against her and satisfied through the attachment, and subsequent judicial sale, of real property adjacent to her presently owned Caimito property. It appears that the debtor has been on the verge of obtaining $150,000.00 on several occasions but the same has not materialized. In fact, she testified that disbursement would be made by the end of June 1987, but, in spite of the time that has elapsed thereafter, there is no indication

that the loan has been disbursed or that secured creditors have been paid in full. Also, the reversal of the Superior Court judgment is, at this time, speculative at best.

However, the most disturbing testimony was debtor's own assertions that she has disposed of assets through sales and transfers without having obtained authorization from the bankruptcy court. The debtor testified that she has sold cattle and that she reported the sales to her attorney but not to the Court. Debtor also testified that she transferred her business, Jenny Tours, Inc., to a third person in order to pay creditors. The negotiations on the transfer began in September 1986 (prepetition) and materialized on January 20, 1987 (postpetition). The schedules, B–2(f), list the stock in Jenny Tours, Inc. in the amount of $25,-000.00. This transfer admittedly occurred without court authorization.

*Conclusion of Law*

■ The decision on whether a movant has shown cause within the meaning of 11 U.S.C. § 1112(b) is matter that lies within the discretion of the bankruptcy court. *In re Langseth,* 70 B.R. 274 (Bankr.D.N.D. 1987). The bankruptcy court must base its decision upon due consideration of the circumstances of each case. *In re Baumgartner,* 57 B.R. 513 (Bankr.N.D.Ohio 1986); *In re Hoff,* 54 B.R. 746 (Bankr.N.D. 1985); *In re Anderson,* 52 B.R. 159 (Bankr. N.D.1985).

■ It has been held that failure to file timely and accurate monthly reports of operations constitutes sufficient cause for the dismissal of a Chapter 11 petition. *In re Sec. & Energy Systems, Inc.,* 62 B.R. 676 (Bankr.W.D.N.Y.1986); *In re Cohoes Industrial Terminal, Inc.,* 65 B.R. 918 (Bankr.S.D.N.Y.1986). In this case the debtor, on the same day of the hearing on dismissal, filed one report for the six month period from December 1986 to May 1987. Although one report may include various months, the same must be detailed enough to show a monthly trend. The report fails to substantially conform to the form adopted by this Court through its

General Order of October 8, 1985; and fails to provide accurate and timely information regarding debtor's operations. Such failure constitutes cause under 11 U.S.C. § 1112(b) to dismiss the instant petition.

■ Furthermore, whatever financial information has been presented to the Court indicates that the debtor does not have a reasonable likelihood of rehabilitation. Reasonable likelihood of rehabilitation means to put back in good operating condition or to reestablish business on a firm, sound basis. *In re Wright Air Lines, Inc.,* 51 B.R. 96 (Bankr.Ohio 1985). Debtor's disposable income of only $30.00, when coupled with her speculative and contingent basis for rehabilitation does not constitute reasonable likelihood of rehabilitation.

■ Moreover, the debtor herein has failed to comply with her fiduciary duties by failing to file timely and accurate reports of operation, by filing a pro forma plan and disclosure statement and by transferring assets without the authorization of the bankruptcy court, or, in anyway reporting the transfers to parties in interest and the Court. The Court in *In re Wells,* 71 B.R. 554, 557 (Bankr.N.D.Ohio 1987) addressed this matter and held that:

"A Chapter 11 debtor as debtor in possession has certain fiduciary duties, a dereliction of which will subject the case to dismissal. . . . Transferring property of the estate in a manner not consistent with the Bankruptcy Code or an order of the court may subject the case to dismissal." (Citations omitted).

In this case both grounds are present, dereliction of duties and unauthorized transfer of property of the estate. Accordingly, there is cause under 11 U.S.C. § 1112(b) to dismiss the case.

■ In determining whether or not to dismiss a Chapter 11 petition the Court must balance equities. The rehabilitation of the debtor on one side and the interests of creditors on the other. The debtor's effort to reorganize and rehabilitate itself should be given the benefit of the doubt. However, a debtor should not be permitted

to continue in a futile effort to reorganize. *Matter of Mocon Prestressed Concrete Co.*, 61 B.R. 432, 436 (Bankr.M.D.Ga.1986). This Court already balanced equities in favor of debtor. See *In re Landron Vallejo*, 73 B.R. 57 (Bankr.P.R.1987). But at this time, debtor's failure to comply with the strictures of the Bankruptcy Code and her responsibilities as a debtor in possession, as well as her inability to show a reasonable likelihood of rehabilitation tilt the equity scales towards the best interests of creditors and the secured creditor moving for dismissal.

### Conclusion

In view of the foregoing, the instant case is hereby dismissed for cause under 11 U.S.C. § 1112(b).

SO ORDERED.