In re Willis BROWN, Jr., Debtor.

Bankruptcy No. 8910540.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 22, 1989.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., for debtor.

Peter J. Furness, Hinckley, Allen, Snyder & Comen, Providence, R.I., for Creditors' Committee.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., trustee.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on November 22, 24, and 28, 1989 on the Motion of the Unsecured Creditors Committee ("the Committee") to Convert the Chapter 11 case of the debtor, Willis Brown, Jr., to a case under Chapter 7. Present at the hearing were: Peter J. Furness, Esq., counsel for the Committee, Louis A. Geremia, Esq., the Chapter 11 Trustee, John Boyajian, Esq., the debtor's

new counsel,[1] and the debtor himself. At the conclusion of the evidence presented by the adversaries, and at the direction of the Court, the debtor's prior counsel, Kevin Hayes, Esq., was also called as a witness.

■ The Committee brings this motion pursuant to § 1112(b) of the Bankruptcy Code, which provides in pertinent part that

[e]xcept as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title ... for cause.

After hearing, and upon consideration of the entire record and the applicable law, this Court is satisfied that sufficient cause has been shown to require conversion. The movant introduced, inter alia, clear and convincing proof of the debtor's postpetition commingling of his personal assets with those of the Moped Man, as well as payment of family debts from these commingled funds, which he is neither legally obligated nor authorized to pay; of the debtor's failure to disclose substantial assets on his bankruptcy schedules; and of a postpetition sale of real estate, also without Court authorization, and without accounting for the proceeds in his schedules. As indicated above, this is by no means an all-inclusive list of the debtor's postpetition transgressions.

■ In opposition to the motion, Mr. Boyajian, the debtor's new counsel, argues that Willis Brown is a victim of willful persecution by two vindictive creditors, who continue to beleaguer him as the result of a long and bitterly contested Connecticut divorce proceeding; that Brown finds himself in his present predicament, i.e. facing a motion to convert, because he

was initially the recipient (and, again, a victim) of poor legal advice; and, alternatively, that the debtor has now seen the light, is fully repentant, cognizant of and anxious to fulfill all of his obligations under the Code. These "representations and arguments" by debtor's counsel are just that, however, because the evidence is overwhelmingly to the contrary.[2] Neither is it a defense that creditors are vigorously pursuing their rights in this Court, as they have previously in other forums. Indeed, were it not for the perseverance of said creditors to compel full disclosure and compliance by the debtor, the extent of Mr. Brown's bad faith, consisting of misstatements and omissions under oath, and his postpetition conduct in general, much of which may constitute bankruptcy crime under 18 U.S.C. § 152, would probably have gone unnoticed.[3]

■ As for the suggestion that Mr. Brown's present dilemma was caused by substandard representation early on in the case, that contention, with all of its implications, is also rejected. Mr. Hayes did not know Willis Brown until the day he walked into the office and requested the filing of a Chapter 11 case, forthwith. It was Mr. Brown who provided the information contained in (and withheld from) his sworn schedules and statement of affairs. We disapprove of and reject this attempt to shift the responsibility for all of the debtor's shortcomings and Chapter 11 sins onto his prior counsel. To the contrary, there is no evidence that Hayes was responsible for any of the debtor's (mis)behavior during this case, and although Hayes is not as frequent a practitioner before this Court as present counsel, we find that Willis Brown was competently represented, even before the appearance of Mr. Boyajian. Mr.

---

1. Kevin Hayes, Esq. represented the debtor from the time of the filing of the petition, June 19, 1989 until November 6, 1989, when the Court granted Hayes' Motion to Withdraw, and simultaneously approved John Boyajian's application for appointment as successor counsel.

2. All material question of fact, where the credibility of the witness is dispositive, are resolved against the debtor.

3. In light of the record, the Court disagrees with the passive role taken by the Trustee merely because, in his opinion, "creditors will receive payment sooner in Chapter 11 than they will in Chapter 7." It is not a fair exchange that the debtor agrees to pay creditors what he finally acknowledges he owes them, for the Trustee to overlook all of Mr. Brown's prior legal and ethical transgressions, and this Court certainly is unable and unwilling to do so.

Brown is an intelligent and articulate person who we hold fully responsible for his actions. Additionally, there is no comparison between the "first impression" context within which Mr. Hayes was operating, and the 20–20 hindsight available to Mr. Boyajian as he recently prepared and filed the debtor's amended schedules. Boyajian is dealing with a (since June 1989) Chapter 11 debtor, who finally recognizes that the standard of conduct relating to good faith[4] and full disclosure is serious, and not just a nebulous requirement to be observed only when one gets caught—and even so, the amended schedules are still not flawless, in our opinion.

■ Based upon the entire record, it is our conclusion that the conduct of the debtor, throughout the pendency of this Chapter 11 case, has been so egregious and intentional as to constitute the type of cause contemplated by 11 U.S.C. § 1112(b) to require conversion of the case to Chapter 7. *See, e.g., In re Modern Office Supply, Inc.,* 28 B.R. 943 (Bankr.W.D.Okla. 1983); *In re G–2 Realty Trust,* 6 B.R. 549 (Bankr.D.Mass.1980). We make this ruling notwithstanding the debtor's recent promise that a 100% plan will soon be offered, and notwithstanding the Trustee's recommendation that plan confirmation would be in the best interest of the creditors.[5] It is not within the discretion of a bankruptcy court to condone or overlook the type of conduct present in this case, and then bestow upon the debtor the benefits of a confirmed Chapter 11 plan, in the process. Such acquiescence by the Court is unauthorized, even in the absence of objection by the Trustee. *See, e.g., In re McClure,* 69 B.R. 282 (Bankr.N.D.Ind.1987); *In re Na-*

*zarian,* 18 B.R. 143 (Bankr.D.Md.1982). By his postpetition conduct, Mr. Brown has forfeited the right to file and have confirmed a Chapter 11 plan of reorganization, and at this point he is entitled only to the protections available under Chapter 7 of the Bankruptcy Code. Implicit in this opinion is our agreement with and adoption herein by reference of the Proposed Conclusions of Law filed by the Committee of Unsecured Creditors, and supporting case law.

Accordingly, it is ORDERED that the Creditors' Committee Motion to Convert is GRANTED.

Enter Judgment accordingly.

---

4. On the issue of good faith, we take notice of the findings and conclusions made by Judge Moraghan of the Connecticut Superior Court, as they are relevant to these bankruptcy proceedings. Although the issue is not before us today for determination, we have in mind the debtor's position regarding his alleged partial ownership of the Moped Man, in light of Judge Moraghan's finding that "his testimony and attitude [Mr. Brown's] clearly established to the court's satisfaction that he completely controls, dominates, and conducts the business without meaningful consultation with or operation suggestions from

his four daughters." (Memorandum of Decision, J. Moraghan, April 22, 1988, p. 4.)

5. The real issue before the Court is not whether sufficient cause has been shown to require conversion. That factual finding and legal conclusion are made without difficulty. Rather, the issue, as it has been presented, is whether the Court may refuse conversion, with cause clearly shown, when the Chapter 11 Trustee opposes conversion on the ground that the interests of creditors will be best served by the confirmation of a plan (yet to be filed).