**In re A–K ENTERPRISES, INC., Debtor.**

**Bankruptcy No. B89–05048.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Feb. 14, 1990.

L. Stewart Hastings, Jr., Cleveland, Ohio, for debtor.

Richard H. Nemeth, Cleveland, Ohio, for Roberts Roofing, Inc.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court for determination is the motion of Roberts Roofing, Inc. for a dismissal of the case of A–K Enterprises, Inc. (Debtor). Upon due notice to all entitled parties, an initial hearing was held on January 18, 1990 and adjourned to January 11, 1990 for a continuation of an evidentiary hearing.

In deliberation of this matter, the Court has considered the adduced testimony, admitted exhibits and arguments of

counsel. Under § 1112(b) of the Bankruptcy Code the Court may consider dismissal of a case for good cause shown, including, but not limited to, those causes enumerated under § 1112(b)(1)–(10). The burden of proof in such an action is to be borne by the movant, and such burden is to be met by a preponderance of the evidence. Based upon the following findings, the Court finds that the movant has met its burden and the Debtor's case is hereby dismissed.

On December 8, 1989, the Debtor caused to be filed its voluntary petition under Chapter 11 of the Bankruptcy Code. The Court finds that the Debtor's conduct respecting its Chapter 11 filing was an act of bad faith. This finding is reached not wholly upon the fact that the officers of the Debtor have caused to be filed three Chapter 11 bankruptcies in this Court on the eve of scheduled foreclosure sales, but for other related reasons which, when viewed in a composite manner, depict conduct of a Debtor who has resorted to artifice which effectively has thwarted the efforts of its creditors to collect on outstanding debts and, otherwise, has perpetuated conduct that was abusive of the bankruptcy process.

■ A threshhold question is whether corporate authorization for the filing of the petition was properly obtained. Testimony indicated that the sole shareholder of A–K Enterprises, Inc. is Abdoul Karim Al-Hasawi, a resident of the country of Kuwait, who gave power of attorney to conduct all corporate business in this country to his son-in-law, Manouchehr Salehi. (Cross-exam, Manouchehr Salehi). No document evidencing this appointment was proffered to the Court, nor did Mr. Salehi sign the Resolution of the Board of Directors authorizing the filing of this case in any representative capacity. (See Ex. D). The Resolution is incoherent and was apparently hastily prepared. Mr. Salehi indicated that he was the only one present at the Board meeting. Mr. Salehi is not a Director of the Corporation. He has not seen the by-laws of the Corporation and does not know whether they contain a law or rule fixing the proper number of directors necessary to pass such a resolution. Any corporate resolution which authorizes the filing of a voluntary bankruptcy petition must originate at a validly held meeting of directors and must be approved by the proper number of such directors. *Matter of Giggles Restaurant, Inc.,* 103 B.R. 549 (Bankr.D.N.J.1989). Here, it is not established whether a meeting attended only by an officer in an alleged representative capacity is sufficient to authorize a bankruptcy filing.

■ Another issue considered by the Court is whether a dissolved corporation has the power to file a petition. The Debtor corporation was incorporated on November 22, 1978 and was dissolved on October 18, 1985 for failure to file corporate franchise tax (*See* Ex. X).[1] The majority of cases on point holds that the dissolution of the debtor corporation by the Secretary of State does not deprive the bankruptcy court of jurisdiction over voluntary Chapter 11 proceedings. *In re Martin–Trigona,* 760 F.2d 1334 (2nd Cir.1985) (Conn.); *In re Thomas,* 78 F.2d 602 (6th Cir.), *cert. denied* 296 U.S. 626, 56 S.Ct. 149, 80 L.Ed. 445 (1935); *Hammond v. Lyon Realty,* 59 F.2d 592, 593 (4th Cir.1932); *Matter of Zoomaire, Inc.* 47 B.R. 628 (Bankr.S.D.Ohio 1985). A person may be a debtor, and § 101(35) of the Bankruptcy Code includes a corporation in its definition of "person". Under § 101(8)(A) a corporation includes an "unincorporated company or association." Therefore a petition may properly be filed by a dissolved corporation.

■ In addition to the questionable authority for filing the petition, the pattern of conduct by the Debtor that serves as a basis for dismissal consists of the following:

1. The Debtor has no employees. Its assets consist of two pieces of property, a shopping center in Missouri and a piece of undeveloped land in Louisiana.

---

1. The Debtor regained its good standing on January 19, 1990 after paying its corporate franchise tax to the Secretary of State. (DX 1).

2. The purported Board resolution is sufficiently clear to reveal that the specific purpose of the Chapter 11 filing was to thwart a scheduled foreclosure sale (Ex. D).

3. This is the third time in the past 2½ years that the Debtor has filed a Chapter 11 petition immediately preceding a scheduled foreclosure sale. In this case the foreclosure sale was scheduled for December 8, 1989; the Debtor filed his Chapter 11 petition on the same date.

4. Each prior bankruptcy was voluntarily dismissed without the filing of a plan of reorganization.

5. The two previous filings were in the name of Alpha Kappa, Inc., being cases B87–02853 and B88–02318. The 1987 case was filed with an f/k/o of A–K Enterprises, Inc., the present debtor's name. The 1988 Alpha Kappa filing stated that it had operated under no other names within the six years preceding that filing. (*See* Ex. H, p. 4). This answer is contrary to the information provided on the Statement of Financial Affairs in the 1987 case, which provides an f/k/o of A.K. Enterprises, Inc. (See Creditor's Ex. G, p. 5). Further, in the present case, the Debtor also misrepresented the fact that it has not operated under any other names within the past six years. (*See* Statement of Financial Affairs).

6. All three petition filings list the same tax I.D. Number. The present debtor has the same business address as Alpha–Kappa. Mr. Salehi is the vice-president and signatory on all three petitions, and Mr. Al–Hasawi is the sole shareholder.

7. The Debtor lists certain debts in the present case as disputed, whereas the state court judgment reflects that the Debtor did not object to the motion to confirm arbitration regarding those debts. (*See* Ex. A). Thusly, the Debtor has deliberately and falsely characterized certain of its debts.

█ The effect of Salehi's using various corporate names, some chartered and others unchartered, tended to create confusion and otherwise perpetuate an abuse of the bankruptcy process. While the filing of a petition on the eve of a foreclosure sale in itself is not sufficient to establish bad faith, it is to be considered among the totality of the circumstances. *See e.g., In re Landmark Capital Co.,* 742 F.2d 1166 (9th Cir.1984). It is clear that the pattern of conduct perpetuated by the Debtor has frustrated the Debtor's creditors and led to an abuse of the bankruptcy process. The Debtor has no reasonable prospect of reorganization.

█ By reason of the abuse perpetuated upon this Court by the several successive bankruptcy filings, the following entities, including the present Debtor, are hereby enjoined from filing further bankruptcy cases in this Court: Alpha–Kappa, Inc., Alpha–Kappa Enterprises, Inc., A–K Enterprises, Inc., A–K Enterprises, Inc. of Ohio, and any entity affiliated with any of the aforementioned entities.

Accordingly, the instant case is dismissed, with prejudice; and the Debtor is enjoined from any future bankruptcy filings with this Court.

IT IS SO ORDERED.