**In re SECURITY & ENERGY SYSTEMS, INC., Debtor.**

**Bankruptcy No. 83–20187.**

United States Bankruptcy Court, W.D. New York.

July 21, 1986.

James L. Burke, Elmira, N.Y., for debtor.

Christopher V. Taffe, Asst. U.S. Atty., Rochester, N.Y., for I.R.S.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

A motion to convert the debtor, Security & Energy Systems, Inc., was filed by the Internal Revenue Service. The IRS seeks to have the Court order the debtor converted from a Chapter 11 debtor to a Chapter 7 debtor under the authority of 11 U.S.C. § 1112. The motion was heard on June 23, 1986. At the time of the oral argument, the debtor suggested that it would propose a "cramdown" plan under the auspices of 11 U.S.C. § 1112(b) which would force the IRS to accept an amount substantially less than its claim. The motion was reserved upon pending the filing of briefs by both parties with regard to the "cramdown" issue.

The facts preceding the pending motion are uncontroverted and may be summarized as follows. The debtor filed a petition for relief on March 1, 1983. Prior to the filing of the petition, the IRS filed liens against the debtor's property for the non-payment of withholding taxes for the time periods from the first quarter of 1980 through the third quarter of 1982. The total amount of tax owing for those time periods is $76,243.17 plus interest and penalties accruing to the date of the petition of another $27,946.94. In addition, the debtor has been habitually tardy in the payment of post-petition taxes owed to the IRS.

Security & Energy Systems, Inc. seeks to force the IRS to accept a plan in which the IRS would receive approximately $32,000 on the claim which is outlined above. The debtor seeks to "cramdown" this claim either under the authority of 11 U.S.C. § 506(a)[1] or 11 U.S.C. § 105(a)[2].

The first argument that the debtor raises is that the claim of the IRS is only secured to the extent of $7,000 due to prior liens being filed against the debtor's assets. Using § 506(a), the debtor seeks to classify the remaining portion of the claim as unsecured. By segregating the claim into its secured and unsecured components, the debtor desires to force the IRS to accept a substantially reduced amount in total satisfaction of the amount owed. While this logic may be viable with other undersecured claimants under § 506(a), the debtor is overlooking the language of 11 U.S.C. § 1129(b) and 11 U.S.C. § 1129(a)(9)(C).

Section 1129(b) may only be invoked when "all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan." With this mandatory qualifying language, § 1129(a)(9)(C) must be adhered to prior to or in conjunction with § 1129(b) before the "cramdown" provisions are made available to the debtor. Section 1129(a)(9)(C) reads as follows:

(a) The court shall confirm a plan only if all of the following requirements are met:

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

(C) with respect to a claim of a kind specified in section 507(a)(6)[3] of this title,

1. An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of

the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

2. The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

3. This cross reference was not redesignated to reflect a renumbering of subsection 507(a) which was part of the 1984 Bankruptcy Amend-

the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

Applying this language, it does not matter whether § 506(a) classifies a portion of the IRS's claim as unsecured because the claim must be dealt with in full according to the terms of either § 1129(a)(9)(C) or § 1129(b)(2)(A) before a plan will be confirmed.

The other argument which the debtor raises in order to "cramdown" the IRS's claim is through the equitable powers of this Court under 11 U.S.C. § 105(a). While this Court does acknowledge its broad equitable powers, those powers do not allow it to override the explicit mandates of other sections of the Bankruptcy Code including the above cited sections. Therefore, the debtor may not "cramdown" the claims of the IRS in this instance.

There exist other grounds for the conversion of this case. The debtor has not filed the monthly financial statements required by this Court since January, 1986. The financial statements which were filed throughout calendar 1985 reveal a cash loss of $8,439, which indicates a continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Therefore, it is ordered that the motion by the IRS to convert the debtor's case to a case under Chapter 7 of the Bankruptcy Code is granted.

---

ments. The cross reference should be to section 507(a)(7).