In re Leland Duane WOOD, f/d/b/a Farm Bureau Insurance Services, and Mary Katherine Wood, Debtors.

Bankruptcy No. 87–21250–7.

United States Bankruptcy Court, D. Kansas.

June 16, 1988.

Ernest L. Johnson, Stanley R. McAfee, Kansas City, Kan., for debtors.

Edward F. Horne, Legal Counsel, Kansas Farm Bureau Life Ins. Co. Inc., Manhattan, Kan., for creditor.

Chris W. Henry, Kansas City, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on March 30, 1988, on the Motion of Kansas Farm Bureau Life Insurance Company, Inc. for Adequate Protection and Order Granting Set–Off and Other Relief. The debtor appeared in person and through counsel, Stanley McAfee. The Kansas Farm Bureau Life Insurance Company, Inc. appeared through counsel, Edward F. Horne.

## FINDINGS OF FACT

This Court finds that the parties stipulated to the following facts verbatim:

1. Prior to and during the period of April 1, 1985 through September 15, 1986 Leland Wood (hereinafter referred to as "Mr. Wood", or "debtor") was an Insurance Agency Manager in Bourbon County, Kansas under contract with Kansas Farm Bureau Life Insurance Company, Inc. and was authorized to sell Life Insurance for the said Company during that time.

2. During the period of April 1, 1985 to September 15, 1986 the debtor had contracted for office space from the Bourbon County Farm Bureau Association, a corporation, under the Kansas Cooperative Marketing Act. That rent was in the amount of $2,408.03.

3. The debtor left unpaid that rental amount of $2,408.03 owing to the Bourbon County Farm Bureau Association upon debtor's termination as Agency Manager for Bourbon County.

4. An assignment of the Chose in Action for that unpaid rent in the amount of $2,408.03 was made on July 7, 1987 wherein the Bourbon County Farm Bureau Association assigned said rights to the unpaid rents to Kansas Farm Bureau Life Insurance Company, Inc. Debtor was not notified of the assignment, and learned of the same in October or early November of 1987.

5. Debtor filed for Bankruptcy on August 31, 1987 listing the Bourbon County Farm Bureau Association as a creditor in the amount of $2,400.00 on his Schedule of Creditors.

6. The Bourbon County Farm Bureau Association did not inform the Kansas Farm Bureau Life Insurance Company, Inc. of the Bourbon County Farm Bureau Association being listed as a Creditor.

7. Subsequent to the termination of Mr. Wood as the Agency Manager for Bourbon County, certain residual commissions for life insurance policies previously sold by Mr. Wood accumulated in his residual com-

171

mission account with the Kansas Farm Bureau Life Insurance Company, Inc. Pursuant to the Assignment of the Chose in Action for unpaid rent, the Kansas Farm Bureau Life Insurance Company, Inc. held those accumulating commissions and offset the same against the unpaid rent. During the period of June, 1987 through January, 1988 residual commissions of $610.05 have accumulated and been held as an offset. Not counting interest, the balance owing on the unpaid rent was $1,797.98 as of January 31, 1988.

8. The Treasurer of the Kansas Farm Bureau Life Insurance Company, Inc. has made an estimate that if the life insurance policies that Mr. Wood had previously sold remain in force, i.e. are not surrendered or terminated, that the residual commissions the Debtor would accumulate would be $600 for 1988, $500 for 1989, $400 for 1990, $300 for 1991, $200 for 1992 and $100 for 1993.

9. Debtor did not include Kansas Farm Bureau Life Insurance Company, Inc. as a Creditor on his original Schedule of Creditors, and amended his pleadings on January 7, 1988 to include the same. The amended Petition was mailed by the Clerk to Kansas Farm Bureau Life Insurance Company, Inc. on January 29, 1988.

## CONCLUSIONS OF LAW

The creditor, Kansas Farm Bureau Life Insurance Company, seeks relief from stay to offset the unpaid residual commissions against the unpaid rent pursuant to section 553. The unpaid rent is $2,408.03. The commissions include: accrued residual commissions of $610.05 from June, 1987 through January, 1988; future residual commission of $600 for 1988; future residual commission of $500 for 1989; future residual commission of $400 for 1990; future residual commission of $300 for 1991; future residual commission of $200 for 1992; and future residual commission of $100 for 1993.

The debtor, on the other hand, objects to any offset of either the accrued or future residual commissions pursuant to section 553. The debtor argues that section

553(a)(2)(B) precludes setoff because the creditor acquired the unpaid rental claim from another entity within 90 days of the bankruptcy. The debtor also seeks the immediate refund of the $610.05 that the creditor has already withheld.

■ This Court finds that the creditor cannot offset any of the residual commissions. Under section 553(a)(2)(B), claims against the debtor that were transferred to the creditor by a third party within 90 days of filing the petition and while the debtor was insolvent, may not be set off against the creditor's debt to the debtor. *See In re Princess Baking Corp.*, 5 B.R. 587, 2 C.B. C.2d 1071 (Bankr.S.D.Cal.1980). *See also* Collier on Bankruptcy ¶ 553.08[2] (15th ed. 1986). The facts of the present case fall equally within the parameters of section 553(a)(2). Bourbon County Farm Bureau, an entity other than the debtor, transferred the $2,408.03 claim for unpaid rent to the creditor, Kansas Farm Bureau Life Insurance Company, within 90 days before the debtor filed for bankruptcy. The debtor is presumed to be insolvent within the 90–day period. *See* 11 U.S.C. § 553(c).

The creditor attempts to circumvent the effect of 553(a)(2)(B) by arguing "equitable" grounds. The creditor argues that section 553 should not apply because: (1) they had no intent to "actively seek out claims against a former agent for the purpose of reducing the amount of commission owed;" and (2) they paid full value for the claim.

■ This Court rejects the creditor's equitable arguments, even though this is a court of equity. *See* 11 U.S.C. § 105. However, this Court is cognizant of the fact that a bankruptcy court's broad equitable powers do not allow it to override explicit mandates of other sections of the Code. *See Sec. & Energy Systems, Inc.*, 62 B.R. 676 (Bankr.W.D.N.Y.1986). In this case, section 553(a)(2)(B) of the Code explicitly mandates that the Court disallow the claim for setoff. The section, therefore, leaves no room for equitable consideration.

■ The question now becomes whether the debtor is entitled to a refund of the

$610.05 that accrued from June of 1987 to January of 1988 that the creditor has already withheld. The creditor argues that they should not have to turn over this amount because they did not receive actual notice of the bankruptcy until the debtor amended his schedules on January 7, 1988, and the clerk mailed notice of the amendment on January 29, 1988. The creditor specifically asserts that "[i]t would seem automatic that the simple internal act of set-off by a creditor, which is not listed as a creditor by the debtor in his initial proceedings, with the creditor being unnoticed of the bankruptcy proceedings, would not be subject to any automatic stay which would apply to creditors who were included in the proceedings and were notified."

The Court finds that the creditor's argument is totally without merit. The automatic stay is effective upon the date of the filing of the petition, and formal service of process is not required. 11 U.S.C. § 362(a). *See* 2 Collier on Bankruptcy § 362.03 (15th ed. 1988). Thus the creditor has improperly withheld the residual commissions in violation of the stay and must turn over the $610.05 to the debtor.

IT IS THEREFORE, BY THE COURT, ORDERED That the Motion of Kansas Farm Bureau Life Insurance Company for Adequate Protection and Order Granting Set–Off and Other Relief be and the same is hereby DENIED, and that the debtor's objection to the same is hereby SUSTAINED.

IT IS FURTHER, BY THE COURT, ORDERED That the creditor turn over to the debtor the $610.05 it has previously withheld.