**In re GGC ASSOCIATES, LTD., Debtor.**

**Bankruptcy No. 92–15492–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 27, 1995.

Thomas C. Little, Tampa, FL, for debtor.

Lauren P. Johnson, Trustee, Seminole, FL.

Bernard J. Morse, IV, Dennis J. LeVine, Tampa, FL, for trustee.

Stephen O. Barlow, Domenic Massari, Tampa, FL, for Gibbs & Cohen.

**ORDER ON MOTION FOR STAY OF ORDER GRANTING MOTION FOR PAYMENT OF TRUSTEE'S FEES AND COSTS BY PROFESSIONALS FOR THE CHAPTER 11 TRUSTEE**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case and the matter under consideration is a Motion for Stay of Order Granting Motion for Payment of Trustee's Fees and Costs by Professionals for the Chapter 11 Trustee, filed by Dennis J. LeVine of Cramer, Haber, Mc-

Donald & LeVine, P.A., counsel for the Chapter 11 Trustee.

The procedural background of the Motion under consideration is somewhat unusual and a brief recitation of what preceded the Motion should be helpful.

On November 25, 1992, GGC Associates, Ltd. (Debtor) filed its Voluntary Petition for Relief under Chapter 11. On April 9, 1993, J. Thomas Gibbs, Trustee and Norman G. Cohen, Trustee (Gibbs and Cohen) filed an emergency Motion and sought the appointment of a trustee. On April 20, 1993, this Court granted the Motion and in due course the Office of the United States Trustee appointed Lauren P. Johnson (Trustee) to act as the Chapter 11 trustee. The Order Authorizing the Appointment of the Trustee expressly provided that the Trustee shall set aside 10% of the funds collected to cover the costs of administration including payment of professionals. On May 5, 1993, the Trustee filed an Application and sought authority to employ the law firm of Cramer, Haber, McDonald & LeVine, P.A. On May 13, 1993, this Court entered an Order and approved the Application. On October 8, 1993, Mr. LeVine filed his Application for Allowance as attorney for the Trustee. On November 12, 1993, Gibbs and Cohen filed an Objection to the fee application of Mr. LeVine. On February 23, 1994, the Trustee filed a Motion and sought the dismissal of the Chapter 11 case. On April 7, 1994, this Court entered an Order and granted the Trustee's Motion and dismissed the Chapter 11 case with the specific provision, however, that this Court would retain jurisdiction to consider and dispose of the pending fee applications. On April 26, 1994, the Trustee filed her final report and accounting and the Motion in which she sought authority for payment of trustee's fees and expenses and fees to professionals. On October 28, 1994, this Court entered an order granting the Trustee's Motion for Payment of Fees and Expenses. The Order provided that the Trustee was authorized to disburse the funds and directed that the balance of the funds remaining after payment of professionals should be returned to the Debtor without prejudice to Gibbs and Cohen to assert whatever interest they may

have to the funds in state court. This Order was never appealed. On October 20, 1994, this Court entered an Order on the fee application of Mr. LeVine and allowed Mr. LeVine the sum of $2,915.50 and reimbursement of expenses in the amount of $35 but disallowed the balance of the original amount sought, $14,320,25 for fees and $431.80 as reimbursement of expenses, based on a finding that Mr. LeVine failed to disclose a conflict of interest when he was appointed as attorney for the Trustee.

On November 7, 1994, Mr. LeVine filed a Motion for Reconsideration. On November 16, 1994, this Court denied the Motion. On November 21, 1994, Mr. LeVine filed a Notice of Appeal from this Court's Order which denied his Motion for Reconsideration. The Appeal is still pending.

In opposing the current Motion, Gibbs and Cohen contend that the Order entered on October 28, 1994, is clear, unambiguous and final as it was never appealed and that the Trustee has no choice but to turn over the balance remaining to the Debtor after having paid the fees allowed by the Court. Gibbs and Cohen further point out that there is nothing in this order which provided retention of any funds by the Trustee to cover the amount disallowed by this Court from the fee application of Mr. LeVine and hold the same pending the resolution of the appeal. It should be evident from the foregoing that the proposition urged by Gibbs and Cohen puts Mr. LeVine in an awkward position for the following reasons:

First, it is conceded that he had no standing to appeal the Order of October 28, 1994, which directed the Trustee to make the disbursements. Second, he clearly has standing to appeal the order which denied his Motion for Reconsideration of the Fee Order, however if he ultimately prevails on appeal it would be an empty victory since at the time the appeal is resolved in his favor, there won't be any Trustee to comply with any order directing payment, let alone any remaining funds which would be available to pay an additional sum, if any, awarded to him as the result of his successful appeal.

Thus, theoretically, it is clear that there is no legal basis to consider favorably the pres-

ent Motion filed by Mr. LeVine and the question is, should this Court utilize its powers granted by § 105 and protect Mr. LeVine's interest on equitable grounds.

The power granted by § 105 has been frequently misused and it is clear it is not an independent source of power but merely a power granted to enforce other provisions of the Code. It is merely a restatement in the Bankruptcy context of the All Writ Statute, 28 U.S.C. 1651 which enables a court of the United States to assure that its orders are carried out and implemented. Section 105 of the Bankruptcy Code provides that the bankruptcy court may issue any order, process or judgment necessary or appropriate to carry out provisions of the Code and confers equity power upon the Bankruptcy Court, but does not authorize it to create rights not otherwise available under applicable law. *In re FCX, Incorporated,* 60 B.R. 405 (Bankr.E.D.N.C.1986). Since the amendment of 1986, there is no question that § 105 authorizes the Bankruptcy Court, even sua sponte, to take any action necessary or appropriate to enforce or implement orders of the Court or the Rules or to prevent an abuse of process. Subclause (c) expressly provides that the power granted by this section shall not be interpreted to exclude the Bankruptcy Judge from its operation. Legislative history of statute provides Bankruptcy Courts with general authority to issue orders appropriate to carry out provisions of this title indicates that limitations on equitable powers of Bankruptcy Court were expanded so that such powers were no longer reserved solely to district court and bankruptcy courts were allowed equitable powers in fulfilling substantive duties to protect estate, creditors, and debtors in bankruptcy action. *Matter of Federated Dept. Stores, Inc.,* 133 B.R. 886 (S.D.Ohio 1991).

The foregoing should not be interpreted, however, that the power granted by this section is unlimited and grants the Bankruptcy court a carte blanche power to enter orders which otherwise do not have any independent statutory basis or authorization by the Rules. The control of fees by professionals is clearly uniquely the function of the Bankruptcy court, § 330 of the Bankruptcy Code and, of course, disposition of property of the estate and funds under the control of the trustee is equally is within the power of the Bankruptcy court.

Obviously a pragmatic and simplistic view of the facts outlined should produce but one result which is to deny Mr. LeVine's Motion. This is so because the real party of interest, the debtor, who is entitled to the funds remaining, was never served with the Motion and of course has no opportunity to oppose the Motion. Neither is the Trustee who, under the October 28th Order is required to disburse the remaining funds. Oddly enough the only opposition voiced is by Gibbs & Cohen, who has no established rights to the remaining funds although the October Order preserved their right to assert a claim against the funds in a non-bankruptcy forum.

In the last analysis what is really involved here, is a request for stay pending appeal which is not opposed by the real parties of interest, the Debtor and the Trustee. There is nothing in this record which supports directly the request by establishing the traditional elements required to obtain a stay pending appeal: 1) a showing of likelihood of success on the merits; 2) a showing of irreparable harm if the stay is not granted; 3) whether granting of the stay would substantially harm other parties; 4) a showing that the granting of the stay would serve public policy *In re First South Savings Ass'n,* 820 F.2d 700 (5th Cir.1987). Nevertheless the record of the case may furnish sufficient basis to infer that if the stay is not granted, Mr. LeVine may suffer irreparable harm. In contrast no harm will be suffered by the Trustee. Any harm suffered by the Debtor is not apparent, and whether or not Gibbs & Cohen will be harmed by the delay is of no consequence for the reasons stated earlier. Certainly it serves the public interest that a professional serving in a case under the Code receive proper compensation and is paid the amount allowed by the court. While whether Mr. LeVine will succeed on appeal may be problematic, this court is of the opinion that considering the totality of the unusual circumstances of this case it is proper to grant Mr. LeVine's Motion.

Accordingly, it is

ORDERED, ADJUDGED AND· DE-CREED that the Motion for Stay of Order Granting Motion for Payment of Trustee's Fees and Costs by Professionals for the Chapter 11 Trustee be, and the same is hereby, granted, and the Trustee shall retain the sum of $14,752.05 but may distribute or turn over to the Debtor the balance.

DONE AND ORDERED.