In re Clifford **PERLMAN**, Debtor.

**Bankruptcy No. 91–12618–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 14, 1995.

*As Corrected Nov. 20, 1995.*

Craig Rasile, Holland & Knight, Miami, Fla., for Trustee.

David Goldstein, Miami, Fla., for Debtor.

Amber Donner, Assistant U.S. Trustee, Miami, Fla.

Kendall Coffey, U.S. Attorney's Office, Miami, Fla., Mark Stier, U.S. Department of Justice, Tax Division, Washington, D.C., Kathleen I. Donohue, District Counsel, Tax Division, Internal Revenue Service, Miami, Fla., for U.S.

## MEMORANDUM OPINION

ROBERT A. MARK, Bankruptcy Judge.

The Trustee in this Chapter 7 case seeks to abandon proceeds received from the sales of estate property in order to avoid the potential tax liability triggered by the sales. The issue was presented in a Motion for Leave to Abandon Property of the Estate and for Determination of Tax Liability ("Motion to Abandon") filed by the Trustee on February 24, 1995. The material facts are uncontested. The legal issues raised by the Motion to Abandon are presented in summary judgment motions filed by the Trustee on August 9, 1995 and by the United States on August 2, 1995. The Debtor filed a response on August 21, 1995 in support of the United States' motion and in opposition to the Trustee's motion. The motions for summary judgment were argued at hearing on September 12, 1995.

The Court has reviewed the motions and memoranda, read the pertinent cases and statutory provisions, and considered the arguments of counsel. For the reasons that follow, the Court denies the Trustee's motion for summary judgment and grants the United States' motion for summary judgment. The Trustee's sale of estate property was a taxable event that cannot be undone by an attempted retroactive abandonment of the assets or by an abandonment of the sale proceeds.

## FACTUAL BACKGROUND

This Court has jurisdiction pursuant to 11 U.S.C. § 505(a) and 28 U.S.C. § 1334. This is a core matter under 28 U.S.C. § 157(b)(2)(B) and (O). The Debtor, Clifford S. Perlman, commenced this case on June 5, 1991, by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. The Trustee was appointed on June 13, 1991.

At the time the Debtor filed his Chapter 7 petition, he owned an interest in a partnership (the "Partnership") which owned an interest in a wrap-around mortgage encumbering real property known as the Fountains Apartments. The Partnership also owned an equity interest in real property known as the Kross Keys Apartments. Prior to the Chapter 7 petition, the Partnership disposed of its interests in two other properties, known as the Margate Office Building and the Sutton Square Apartments.

This Court's January 2, 1992 Order Granting Motion for Approval of Compromise and Settlement Agreement authorized a sale of the wrap-around mortgage encumbering the Fountains Apartments. The sale closed in March, 1992, netting the estate $24,417.50. On February 27, 1992, this Court entered an Order Granting Motion for Approval of Compromise and Settlement Agreement Regarding the Kross Keys Apartments. The Order authorized the estate to sell its interest in the Kross Keys Apartments and the sale closed in April, 1992. The estate netted $23,062 from the Kross Keys sale.

At the time the Trustee sold the estate's interests in the properties, the Debtor's records were in disarray, and the Debtor had not filed tax returns for at least two years. Although the tax liability arising from the sales of these interests has not yet been determined, the Trustee now believes the tax liability could exceed $500,000 from the Fountains Apartment transaction and in excess of $140,000 from the Kross Keys sale. The possibility of incurring these tax consequences prompted the Trustee's Motion to Abandon.

## DISCUSSION

By Order dated April 12, 1995, the Court denied as moot the Trustee's Motion to

Abandon with respect to the Margate Office Building. Based upon the stipulated facts, the Court also denies as moot the Trustee's Motion to Abandon with respect to the Sutton Square Apartments, because the Partnership also disposed of its interest in this property prepetition. The Court will enter a separate Order finding that the estate is not liable with respect to any tax consequences arising from the prepetition disposition of the Margate Office Building and the Sutton Square Apartments.

The remaining issue before the Court is whether or not the Trustee can retroactively abandon the Partnership interests in the Kross Keys and Fountains Apartments, interests which were assets of this Chapter 7 estate, or alternatively abandon the proceeds from the sales of those interests in order to avoid the potentially substantial tax consequences resulting from the postpetition sales.

## A. The Postpetition Sale of Estate Property Triggered Tax Consequences to the Estate

The effect of a post-sale abandonment of proceeds received from the sale of estate property was presented and decided in *Erickson v. United States (In re Bentley)* 916 F.2d 431 (8th Cir.1990). In *Bentley,* a crop of corn that was property of the estate was sold and the sale proceeds placed in an interest-bearing account, where they remained for three years. The bankruptcy court entered an order of abandonment with respect to the sale proceeds, and the Chapter 7 trustee commenced an adversary proceeding to determine the estate's tax liability from the sale of the corn. The bankruptcy court held that the estate was not liable for the taxes. The district court reversed. On further appeal, the Eighth Circuit held that the trustee's sale of the corn was a taxable event for which the bankruptcy estate is liable. 916 F.2d at 433. The Court found that the trustee's abandonment of the sale proceeds did not abrogate the tax consequences of the sale.

*Bentley* is a persuasive, clear, and accurate interpretation of the applicable provisions of the Bankruptcy Code and the Internal Revenue Code ("I.R.C."). By contrast, the Trustee cites no authority, statutory or otherwise, for the proposition that an asset can be abandoned retroactively after it has been sold or for the alternative proposition that abandoning the sale proceeds can avoid tax consequences to the estate.

Under the Bankruptcy Code, the commencement of a Chapter 7 case creates a bankruptcy estate which consists of property owned by the debtor as of the filing date. Under § 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case". Under § 541(a)(6), the estate also includes "[p]roceeds or profits of or from property of the estate."

26 U.S.C. § 1398 entitled "Rules relating to individuals' title 11 cases," contains specific provisions applicable to the tax liability of individual debtor bankruptcy estates. It treats the bankruptcy estate as a separate taxable entity that is to be taxed as if it were the debtor with respect to items of income to which the estate is entitled. *See Matter of Kochell,* 804 F.2d 84, 87 (7th Cir.1986). Section 1398(f)(1) provides, *inter alia,* that in the case of a transfer of an asset from the debtor to the bankruptcy estate, "the estate shall be treated as the debtor would be treated with respect to such asset."

Section 1398(e)(1), I.R.C., provides that "[t]he gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under title 11 of the United States Code." The gross income of the individual debtor's bankruptcy estate consists of (1) any gross income of the debtor, which under the Bankruptcy Code constitutes property of the bankruptcy estate, other than income received or accrued by the debtor before the commencement of the case, and (2) the gross income of the estate once the case has commenced. S.Rep. No. 96–1035, 96th Cong., 2d Sess. at 28 (1980–2 Cum.Bull. at 634); H.R.Rep. No. 96–833, 96th Cong., 2d Sess. at 23. In short, if income constitutes property of the estate under the Bankruptcy Code then it is the estate, not the debtor, that is liable for the tax on that income.

The Internal Revenue Code broadly defines gross income as all income from

whatever source derived. 26 U.S.C. § 61(a). Section 61 provides a nonexclusive list of specific items, including gain derived from dealings in property. Taxable income encompasses any realized increase in wealth over which the taxpayer has dominion and control. *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955). Whether a taxpayer personally receives money from a taxable transaction is inconsequential for income tax purposes. Rather, it is the power to dispose of income and the exercise of that power that determines whether taxable income has been received. *Helvering v. Horst,* 311 U.S. 112, 117, 61 S.Ct. 144, 147, 85 L.Ed. 75 (1940).

 Gain or loss is not considered for tax purposes until it is "realized." Gain is usually "realized" only upon the happening of a taxable event, for example, when property is sold or exchanged. The amount of gain subject to tax is generally measured by the difference between the basis of the property and the value of the consideration received. I.R.C. § 1001. Absent a specific non-recognition provision in the Internal Revenue Code, the entire amount of gain realized on the sale or exchange of property must be recognized as income in the taxable period in which such sale occurs. I.R.C. § 1001(c); *see also* I.R.C. § 61(a)(3); Treasury Regulations on Income Tax 26 C.F.R. § 1.1002–1(b).

 The Debtor's interest in the Partnership which owned interests in the Fountains and Kross Keys Apartments became property of the bankruptcy estate upon the filing of the Debtor's bankruptcy petition. Under I.R.C. § 1398(f)(1), the transfer of the interests from the Debtor to the estate did not constitute a taxable disposition. Rather, at that point, the bankruptcy estate succeeded to tax attributes (such as basis, holding period, and character) that the property had in the hands of the Debtor (§ 1398(g)), and the estate likewise became entitled to any unrealized gain to which the Debtor would have been entitled upon commencement of the bankruptcy case (§ 1398(e)(1)).

 The sales of the estate's interests in the Partnership assets were the taxable events that triggered the recognition of gain and dictated the tax consequences flowing from the sales. *Bentley,* 916 F.2d at 432; 26 U.S.C. § 1001(c). The Trustee directed the sales, received the sale proceeds as property of the estate under Bankruptcy Code § 541(a)(6) and retained the sale proceeds in the estate for the past three years. As such, the bankruptcy estate is liable for whatever the tax may be on gain from the sale of the estate's interests in 1992, the taxable year in which the gain was realized.

**B.** *To Avoid Tax Consequences the Trustee Needed to Abandon the Assets Before the Sales*

 Section 554(a) of the Bankruptcy Code permits a trustee to abandon property that is burdensome or that is of inconsequential value and benefit to the estate. If the Trustee in this case had abandoned the estate's interests in the apartments prior to the sales there would be no tax consequences for the estate. *In re Olson,* 930 F.2d 6, 8 (8th Cir.1991); *Bentley,* 916 F.2d at 432–33; *In re McGowan,* 95 B.R. 104 (Bankr.N.D.Iowa 1988). This is so because neither the transfer of the assets from the Debtor to the estate upon the commencement of the bankruptcy case nor the abandonment of the assets back to the Debtor would be treated as taxable events. *See* 26 U.S.C. § 1398(f)(1) and 1398(f)(2).

 That is not what happened here. Instead, prior to seeking an abandonment, the Trustee sold the estate's interest in the properties. Whether or not the Trustee knew or should have known about the potentially significant tax consequences is not at issue here and irrelevant to this analysis. There is simply no retroactive escape from the tax consequences triggered by the sales.

There is also no support for the Trustee's argument that abandonment of the proceeds should be treated the same as a pre-sale abandonment of the interest in the properties. Abandonment of the sale proceeds in 1995 accomplishes nothing since the tax consequences flow from the taxable events in 1992, events which occurred after the bankruptcy filing created the estate and well before the attempted abandonment of the sale proceeds. *Bentley,* 916 F.2d at 432. In

short, the Trustee cannot take action now under § 554 which will alter the tax consequences to the estate arising from the 1992 sales.[1]

## C. *The Potential Negative Impact on Unsecured Creditors of Denying Relief to the Trustee Cannot Change the Result*

■ The Trustee argues, with a supporting affidavit, that he did not know of the potentially significant tax consequences at the time he sold the properties in 1992 since the Debtor had not filed tax returns for the two years prior to the petition. Now that the potential tax consequences are known and the tax liability may far exceed the proceeds received from the sales, the Trustee implores the Court to protect the estate and its unsecured creditors from the risk of shouldering this potentially substantial tax burden. Unfortunately, there is no authority to support the Trustee's plea.

The Court rejects the Trustee's suggestion to invoke the Court's equitable power under § 105 of the Bankruptcy Code. Resort to § 105 would be inappropriate to override the clear operation of I.R.C. § 1398, a provision specifically drafted to govern the tax consequences and tax obligations of an individual's bankruptcy estate. Nor does this Court agree with the dissent in *Bentley* that there is a need to harmonize the bankruptcy interests with the Internal Revenue Code. *Bentley*, 916 F.2d at 433. Section 1398 of the Internal Revenue Code is clear, and applies specifically to debtors in Chapter 7. If a trustee does not exercise his opportunity to abandon, but instead enters into a transaction that results in a tax liability, it is the bankruptcy estate which incurs that liability.

Even if the consequences may be adverse to other creditors, resort to § 105 is impermissible. The Court cannot invoke § 105 to negate clear provisions of the Bankruptcy Code. *In re Security & Energy Systems, Inc.*, 62 B.R. 676, 678 (W.D.N.Y.1986) (the bankruptcy court's broad equitable powers

under § 105(a) did not permit cramdown of plan over objection of the Internal Revenue Service, since plan provision to pay less than the full amount of priority tax claim contravened § 1129(a)(9)). Similarly, § 105(a) does not allow the bankruptcy court to create rights that do not exist under other applicable law, such as the applicable I.R.C. provisions in this case. *See In re Olympia Holding Corp. (Whitaker v. Interstate Commerce Commission)*, 161 B.R. 524, 528 (M.D.Fla. 1993) ("[S]ection 105 'does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity,'" *citing, In re Compton Corp.*, 90 B.R. 798, 807 (N.D.Tex.1988) (quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986)); *see also, In re GGC Associates, Ltd.*, 178 B.R. 862, 864 (M.D.Fla. 1995) (holding that § 105 will not be applied to create rights that do not otherwise exist under applicable law).

In short, the Court's equitable power under § 105 cannot be used to "protect" the unsecured creditors where the relief requested would directly contravene specific provisions of the Bankruptcy Code, including § 541, and specific provisions of the Internal Revenue Code.

### CONCLUSION

The Trustee's motion for summary judgment is granted in part. The estate has no tax liability with respect to the Margate Office Building and the Sutton Square Apartments, which were sold prepetition. In all other respects, the Trustee's motion is denied, and the motion for summary judgment filed by the United States is granted.

---

1. The Trustee's Motion to Abandon was triggered by his concern about the large *potential* tax consequences arising from the sales. This Opinion does not determine what the *actual* tax liability may be. It deals only with the effort by the Trustee to avoid, through abandonment, the possibility of tax liability for these transactions.